OPINION
Plaintiff-appellant, Geoffrey A. Mucha, appeals a decision of the Butler County Court of Common Pleas, Division of Domestic Relations, concerning unreimbursed medical expenses owed to defendant-appellee, Kristina Yauch. We affirm.
In July 1984, appellant and appellee were divorced. At the time of the divorce, the parties had one minor child, Aaron. For the years following the divorce, Aaron lived with appellee and had limited contact with appellant. Then in November 1994, due to behavioral problems with Aaron, appellant and appellee agreed that appellant would have primary custody.
On April 5, 1995, appellant filed a motion to be the primary residential parent, which was granted in a November 28, 1995 entry. The entry also concerned, inter alia, medical expenses previously incurred by appellee for Aaron's health care. The court determined appellee had spent $6,479.80 in unreimbursed medical expenses. Since the order gave residential parenting rights to appellant, appellee was required to pay child support in the amount of $50 per week. Although the court calculated the child support guidelines at $73 per week, the reduction of $23 acted as a setoff against the amount owed by appellant for medical expenses.
On October 2, 1996, appellant filed a motion for contempt against appellee for failing to pay child support. The motion was subsequently withdrawn and in a November 13, 1996 entry, the court found appellee was current in her child support payments.
On or about November 20, 1996, upon appellant's request, Aaron was returned to appellee. In a May 20, 1997 entry, the magistrate gave appellee a credit on the medical expense debt of $1,196, which was $23 multiplied by fifty-two weeks. The fifty-two weeks represented the time between the November 28, 1995 entry making appellant residential parent and his voluntary relinquishment of custody to appellee on or about November 20, 1996. Therefore, the remaining balance for the medical expenses was $5,283 and the court ordered appellant to pay the remaining arrearage at the rate of $25 per week. Appellant timely filed a notice of appeal, citing four separate assignments of error. On November 19, 1997, appellant filed a notice of withdrawal of assignments of error one and two.
In his third assignment of error, appellant claims the finding of the court that he owed $5,283 in medical expenses is against the manifest weight of the evidence. In appellant's fourth assignment of error, the same ruling is alleged to be an abuse of discretion. In a domestic relations case, the proper standard of review for an award for unreimbursed medical expenses is abuse of discretion. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371; see, also, Booth v. Booth (1989), 44 Ohio St.3d 142, 144. The abuse of discretion standard "implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Therefore, we review both assignments under the abuse of discretion standard.
Appellant first argues that he does not owe $5,283 in medical expenses because he was residential parent for approximately fifty-four weeks and did not receive child support from appellee. We disagree. Under the November 28, 1995 entry, appellee was entitled to a credit of $23 per week on her child support, reducing her child support from $73 to $50 per week. Appellant testified that the child was returned to appellee on or about November 20, 1996. Therefore, the court determined the credit lasted approximately fifty-two weeks, not fifty-four, for a total credit of $1,196, reducing the balance to $5,283. Appellant cites no authority that the domestic relations court is mandated to setoff this debt with unpaid child support. In any event, appellee's allegedly unpaid child support has previously been addressed. Appellant withdrew the October 2, 1996 contempt motion for unpaid child support and the November 13, 1996 court entry indicated that appellee's child support was current. Therefore, the issue of appellee's unpaid child support has already been litigated and is res judicata. See Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus; Austin v. Payne (Feb. 11, 1998), Lorain App. No. 97-CA-006777, unreported at 6-8.
Appellant also argues that since he paid child support for five and one half months while the child was in his care, a credit against the medical expense debt should have been granted. This argument ignores the specific findings of fact and conclusions of law of the May 20, 1997 order, which addressed a similar request by appellee:
 [Appellee] seeks reimbursement for overpayment to [Appellant] from November 1996, through March 1997; a wage deduction continued to deduct support from her wages, even though Aaron was in her care. There is a $625.00 overpayment * * *. [Appellant] feels he should not be required to pay [appellee] any over payment, as in the past in the years when the parties exchanged Aaron, there was a time when he continued to have money deducted from his wages while Aaron was still in his care, and he was never reimbursed by [appellee].
* * *
 5. Arrears: Medical Bills and Overpayment Issue: [Appellant] owes [appellee] $5,283.00 from a prior order of the court on unpaid medi cal bills debt. This amount shall be paid at the rate of $25.00 per week, added to a wage deduction order which will issue to [appel lant]'s employer.
 [Appellee] claims an overpayment of $628.23. I find this account is not overpaid in consideration of an offset amount which has been paid over the years by [appellant] and not returned to him for overpayment. Therefore, the CSEA records will be changed to show a zero over payment in the account. (Emphasis added).
The court, concluding both parties paid child support while acting as residential parent, denied a setoff to either party. Based on the record presented, the decision of the domestic relations court was well within its discretion. See Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. The third and fourth assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.