DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Erie County Court of Common Pleas, Domestic Relations Division denying appellant's post-divorce request for modifications of custody and child support. Because we conclude that the trial court correctly determined custody and imputation of income issues, but erred as to the modification of child support, we affirm in part and reverse in part.
Appellant, Lawrence D. Ontko, and appellee, Carla G. Ontko, were divorced in 1996. The parties agreed to a shared parenting arrangement whereby each had custody of their three minor children for six months of the year. Based upon the parties' incomes at that time, appellant was ordered to pay child support of $112.20 per week, plus poundage.[1]
In June 1998, appellant moved for a modification of his child support. He based his request upon his retirement and resultant reduction of income. He also moved for full custody of his children, Laura, age thirteen, Allison, age twelve, and Brian, age ten.
At a magistrate's hearing, appellee testified that she was currently working full-time days at the local newspaper. Her base salary was $20,800, and she had additional potential income from commissions. Appellee further testified that she had also worked part-time at a department store during the months that appellant had custody, but doubted she would return to that job since she now attended college classes in the evenings.
Appellee also stated that she left the children by themselves three nights per week while she attended classes. However, she also stated that she carries a pager and the children and a neighbor know how to reach her in case of an emergency. Appellee then acknowledged, based upon three photos of her home offered into evidence by appellant, that while her house was periodically cleaned, it was often cluttered. She also stated that she felt that the children should clean their own rooms, and she refused to do it for them.
Appellee acknowledged that she had difficulties disciplining the children and knew that Allison and Brian wanted to live full-time with appellant. She claimed that appellant had interfered with her relationship with her children and had encouraged them to be disobedient in her home. She stated that she had been talking to counselors in an effort to find ways to deal with the children.
Next, appellant testified. He stated that he had worked for the federal government, at the Lewis Research Center for NASA. He had opted in March 1998 to take early retirement, eight months shy of the thirty years usually needed to retire at age fifty-five. Due to the phasing out of the type of work assigned to him, appellant claimed he had not received work since the fall of 1997. Appellant stated that he could see "the writing on the wall", as various supervisors hinted that he should consider early retirement. Fearing that he might be laid off before he could take advantage of his benefits, he accepted an early buy out and retired at age fifty-five. His income, which had been approximately $52,000 per year dropped to $28,536 per year. Appellant also testified that he had suffered from back problems over the years and was currently attending physical therapy. Because of his back problems and because he hoped to take care of his three children full-time, appellant stated that he did not intend to look for work to supplement his income.
Appellant then testified that Allison and Brian wanted to live with him full-time. He stated that the children had complained about the cleanliness and lack of organization in appellee's home. His daughter had begun leaving her cheerleading uniform at his home because other children had said it smelled, presumably from the animal or other odors in appellee's home. Appellant admitted giving a camera to Laura to take the three photos of appellee's home which showed widespread clutter and disorganization. He stated that when he picks his children up he notices an unpleasant odor on their clothing.
Appellant testified that the children often spend time with him beyond the schedule set in the original shared parenting plan. He also stated that he helps the children with their homework and, in his opinion, their grades were better when they lived with him.
A home study performed by a Department of Human Services worker confirmed that appellee's home on the day of her visit was very cluttered, especially the children's rooms, and had a distinct animal smell. However, the worker reported that she saw nothing in the home that would constitute a health hazard to the children. Appellant's home was found to be neat and well-organized.
The magistrate also conducted an in camera interview with the three children. She found that the children were well-behaved and, despite the issues between their parents, well-adjusted. The magistrate found that Laura wanted to maintain the current custody arrangements. She found that Brian would prefer to live with his father but would accept whatever the court decides. She noted that Allison's desire to live with her father appeared to stem from disagreements with her mother over house rules, but should be considered. The magistrate then recommended that appellant's motion to modify custody be denied, finding that it was in the children's best interests to maintain the shared parenting plan.
The magistrate also found that appellant, due to his early retirement, is voluntarily underemployed. Consequently, the magistrate imputed appellant's gross income at $49,000, the amount he was earning at the time of the divorce. Appellee's income was found to be $20,800, an amount substantially lower than what she was earning at the time of the divorce. Based upon these figures, the magistrate modified appellant's child support obligation to $206.87 per month, plus service fee, but awarded appellee the income tax exemptions for two of the children.
Both parties filed objections to the magistrate's decision. The trial court affirmed the magistrate's recommendations regarding custody, but reversed the modification of child support, stating that it found "no significant change of circumstances" since the filing of the last order. The trial court then reinstated the previous order of $112.20 per week.
Appellant now appeals from that decision, setting forth the following four assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "The Trial Court Abused It's [sic] Discretion in Determining That the Appellees [sic] Income is $20,800.00 per year.
"ASSIGNMENT OF ERROR NO. 2
 "The Trial Court Abused It's [sic] Discretion by Imputing the Appellants [sic] Income at $49,000.00 by Finding that the Appellant Is Voluntarily Underemployed or Unemployed.
"ASSIGNMENT OF ERROR NO. 3
 "It is in the Best Interest of the Parties' Minor child, Allison, to be Under the Care and Custody of Appellant.
"ASSIGNMENT OF ERROR NO. 4
 "The Trial Court Abused its Discretion When If [sic] Failed to Consider Appellant's Retirement and subsequent Reduction In Income as a Change in Circumstances That Justifies a Modification of the Appellant's Child Support Obligation."
 I.
We will address appellant's third assignment of error first. R.C. 3109.04(E)(1)(a) provides that a court shall not modify a prior order of child custody unless "a change has occurred in the circumstances of the child, his residential parent" and that "modification is necessary to serve the best interest of the child." In order to demonstrate a change in circumstances, the movant need not show that the change is detrimental or even substantial. See Davis v. Flickinger (1997),77 Ohio St.3d 415, 418. Rather, the evidence must simply show circumstances which would warrant a change in the prior order. Id.
In determining the best interest of the child, R.C.3109.04(F)(1) provides that the trial court must consider all relevant factors, including, but not limited to:
 "(a) The wishes of the child's parents regarding his care;
 "(b) * * * the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interactions and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to his home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 "(g) Whether either parent has failed to make all child support payments * * *;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;
 "(i) Whether the residential parent * * * has continuously and willfully denied the other parent his or her right to visitation * * *;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
Upon review, a trial court's custody determination will not be reversed absent an abuse of discretion. Davis v.Flickinger, supra, paragraph one of the syllabus. When applying that standard, an appellate court must determine whether the trial court's finding is so contrary to the weight of the evidence that it is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In the instant case, the court adopted the magistrate's findings and conclusions of law concerning the issue of custody. The magistrate found Allison's desire to live with her father to be a "changed circumstance," but determined that her best interest would be served by maintaining the current shared parenting plan. While we agree that appellant's concerns may be valid as to appellee's cluttered home, the odor issue, and Allison's difficulties with appellee, such considerations do not necessarily indicate a need for a change in the custody arrangement. Rather, it indicates that the parties need help to address those concerns, preferably through family and post-divorce counseling. Therefore, based upon facts presented in the record, we cannot say that the trial court abused its discretion in its determination to maintain the shared parenting plan.
Accordingly, appellant's third assignment of error is not well-taken.
 II.
We will address appellant's three remaining assignments of error together. Appellant contends that the trial court erred in determining the parties' incomes and in determining that there were no changed circumstances which would require a modification of child support.
R.C. 3113.215 provides that for purposes of child support, income may be imputed to a parent who the court finds to be voluntarily unemployed or under-employed. "Whether a parent is `voluntarily under-employed' and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion." Rock v.Cabral (1993), 67 Ohio St.3d 108, the syllabus.
In this case, the record shows that appellant was not forced to quit his job, but voluntarily left because he was afraid of being laid off. He testified that he had some back problems, but submitted no medical testimony or records to show that this was the reason he quit or that the condition would interfere with his ability to find future employment. Thus, the record shows that appellant retired primarily so that he might collect his retirement at an earlier age. However, despite the reduced retirement income, appellant still has a duty to support his minor children at the pre-retirement income level, absent the showing that he is unable to do so due to something beyond his control. See Holmes v. Holmes (Feb. 25, 1994), Erie App. No. E-93-23, unreported. Therefore, since appellant failed to establish that he is unable to work to supplement his retirement income, we cannot say that the court's imputation of income was an abuse of discretion.
Regarding appellee's income, the record shows that she makes a base pay of $20,800 at a relatively new job. Any extra income was purely speculative at the time of the hearing. In addition, although she is earning significantly lower income than at the time of the divorce, she attends college classes in the evenings. This would presumably prevent her from earning additional income at this time. Therefore, the trial court did not abuse its discretion in determining appellee's yearly income at $20,800 for purposes of child support.
We now address whether or not the trial court erred in its determination of child support. Absent an abuse of discretion, a child support award will not be disturbed on appeal. Dunbarv. Dunbar (1994), 68 Ohio St.3d 369, 371. An abuse of discretion means that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Payne v. Cartee (1996),111 Ohio App.3d 580, 585.
R.C. 3113.215(C) provides, in pertinent part:
 "(C) Except when the parents have split parental rights and responsibilities, a parent's child support obligation for a child for whom the parent is the residential parent and legal custodian shall be presumed to be spent on that child and shall not become part of a child support order, and a parent's child support obligation for a child for whom the parent is not the residential parent and legal custodian shall become part of a child support order. If the parents have split parental rights and responsibilities, the child support obligations of the parents shall be offset, and the court shall issue a child support order requiring the parent with the larger child support obligation to pay the net amount pursuant to the child support order."
A calculation of child support according to the guidelines worksheet is presumed to be correct. R.C. 3113.215(B)(1). A court may deviate from the worksheet amount, but only on the following conditions: (1) the court finds that the amount as calculated would be unjust or inappropriate and would not be in the best interest of the child and (2) the court enters such findings in the journal entry along with its findings of fact supporting this determination. R.C. 3113.215(B)(1)(a) and (b). See, also, Harbeitner v. Harbeitner (1994), 94 Ohio App.3d 485.
In the instant case, in our view, appellee's reduced income, which was a little over $12,000 less than at the time of the divorce, constituted a "significant change of circumstances" requiring review by the court. Moreover, the record shows that the magistrate's worksheet calculations were, in fact, based upon appellant's imputed income of $49,000 and appellee's reduced income of $20,800. What the court failed to notice was that, even with appellant's imputed income, the overall income of the parties was reduced, placing the total child support at a lower level.
In addition, we have closely reviewed the child support worksheet and conclude that the computations correctly reflect the statutory requirements for shared parenting, i.e. to offset the child support of each parent and then to credit the larger obligation with the smaller obligation before figuring the weekly or monthly amount. Based upon the parties' incomes as affirmed by the trial court, the magistrate's worksheet correctly calculated the amount of appellant's child support to be $47.74 per week or $206.87 per month. Therefore, the trial court abused its discretion in reversing the recommended modification of appellant's child support.
Appellant's first and second assignments of error are not well-taken. Appellant's fourth assignment of error is well-taken as to the finding of changed circumstances and the amount of child support awarded.
Pursuant to App.R. 12(B), based upon the facts as presented in the record, we enter the following modification of the trial court's judgment:
 "Defendant has established a significant change of circumstances regarding the parties' incomes in that the overall income of the parties has been reduced due to the mother's lower income. Defendant's child support obligation is modified to conform with the magistrate's worksheet, that is, $47.74 per week or $206.87 per month, plus service fees, commencing June 17, 1998."
The judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is hereby affirmed in part, reversed in part, and modified as represented by this decision. Court costs of this appeal are assessed equally between the two parties.
AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE James R. Sherck, J.
 _______________________________ JUDGE CONCUR. Richard W. Knepper, J.
 _______________________________ JUDGE Mark L. Pietrykowski, J.
[1] According to the temporary support worksheet during the pendency of the divorce, appellant's income was listed as 49,000 and appellees was 33,000.