OPINION
Plaintiff-Appellant, Steven Purdon, appeals a judgment of the Brown County Court of Common Pleas adopting an administrative hearing decision which increased his monthly child support obligation. We affirm the decision of the trial court.
Defendant-appellee, Cynthia Purdon ("Mother"), and appellant were divorced in 1984. Mother was designated the residential parent of the parties' minor child and appellant was ordered to pay child support of $20 per week. On May 14, 1997, the Brown County Child Support Enforcement Agency initiated an administrative child support modification proceeding.
An administrative hearing was held on June 17, 1997. At the time of the hearing, appellant had not yet completed his 1997 tax return. However, appellant testified that he is self-employed in the construction industry, and that his business, Steven Purdon Construction, had a gross income of $235,106 in 1996. Appellant reported a personal gross income of $32,928 for the same year. However, after deducting business expenses, appellant's income was reduced to $7,369. Appellant further testified that he alone sets all bid amounts for his company, and that the ultimate authority to determine profit rests with himself.
The hearing officer issued a decision on June 20, 1997. Based on the discrepancy between appellant's low earnings compared with the large gross income of appellant's business, the hearing officer found that appellant's guideline support obligation as indicated by the child support worksheet was unjust, inappropriate, and not in the best interest of the child. The hearing officer concluded that it was appropriate to include an upward deviation of $3,725.61 on line twenty-six of the child support worksheet.
Appellant appealed this decision to the trial court. At an August 10, 1999 hearing before the trial court, Mother's counsel requested that appellant provide verification of his claimed business expenses for 1996. Appellant was unable to produce the records at the hearing. However, counsel for both parties agreed that the hearing would go forward that day; thereafter, appellant was to promptly deliver the records to Mother's counsel.
After five months had passed, the trial court directed appellant to provide his business expense records to Mother's counsel no later than the week of January 20, 1999. Appellant failed to provide complete records to either the trial court or Mother's counsel.
By judgment entry filed February 9, 1999, the trial court adopted the administrative hearing decision as its final order. The trial court found that appellant had failed to adequately support his claim for necessary business expenses and that an upward deviation in appellant's guideline child support obligation was in the best interest of the child. Appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DENYING HIS APPEAL OF THE ADMINISTRATIVE HEARING OFFICER'S MODIFICATION OF HIS CHILD SUPPORT OBLIGATION.
In his sole assignment of error, appellant first argues that the trial court abused its discretion in deviating from the child support guidelines without complying with R.C. 3113.21.5(B)(1)(a) and (b).
A trial court is vested with broad discretion in calculating child support awards; its determination shall not be reversed absent an abuse of discretion. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369,371. More than a mistake of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Under R.C. 3113.21.5(B)(1), there is a rebuttable presumption that the support obligation derived from the child support schedule and worksheet is correct. The trial court is required to order child support payments in accordance with the child support worksheet unless that amount would be "unjust or inappropriate and would not be in the best interest of the child." R.C. 3113.21.5(B)(1)(a). If the trial court concludes that the guideline support amount is not in the child's best interest, it is required to make specific findings of fact to support that determination. R.C. 3113.21.5(B)(1)(b); Marker v. Grimm(1992),65 Ohio St.3d 139, 142.
When reviewing the deviation contained in the administrative hearing decision, the trial court stated that "[appellant's] claimed cost of goods sold and the expenses have not been sufficiently established as being reasonable and necessary." Considering the fact that "many sub-contractors * * * were being paid more than [appellant] himself generated," the trial court concluded that "the annual gross income figure of $32,928 * * * is reasonable and is supported by the testimony."
The administrative hearing decision adopted by the trial court also contains findings of fact regarding appellant's income and expenses. The decision concludes with the specific finding that "to base [appellant's] 1996 income figure on $7,359.00 * * * when [appellant] had sales of $235,106.00 in 1996 and had the sole and absolute power to determine the profit derived from his clients would be unjust and not in the best interests of the child herein."
Upon review of the record in this case, we find sufficient evidence to support the trial court's child support order and conclude that the trial court correctly followed the statutory scheme for a deviation from the guideline support amount.
Second, appellant contends that the trial court erred by imputing income to him without adhering to the requirements of R.C. 3113.21.5(A)(5). Specifically, appellant states that the trial court is required to make a finding of voluntary underemployment before imputing potential income to an individual for the purpose of calculating child support.
The child support worksheet attached to the trial court's decision attributes a gross income of $32,298 to appellant. This is the actual gross income that appellant reported on his 1996 federal tax return. Upon review of the trial court's decision, it is clear that the additional child support included on line twenty-six of the child support worksheet represents an upward deviation attributable to the claimed business expenses which appellant failed to support with evidence. As the trial court did not impute income to appellant, there is no error in the court's failure to make a finding of voluntary underemployment.
Therefore, we find that the trial court did not abuse its discretion in calculating appellant's child support obligation. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.