## Allen v. Allen
[Cite as 3 AOA 248]

*Case No. 14293*
*Summit County, (9th)*
*Decided May 16, 1990*

Barbara J. Patterson, Attorney at Law, 905 CitiCenter Bldg., 146 S. High St., Akron, OH 44308, for Plaintiff.

Maureen Zadel, Attorney at Law, 500 Courtyard Square, 80 S. Summit St., Akron, OH 44308, for Defendant.

QUILLIN, J.

The primary question presented in this appeal is whether statutory interest may be awarded pursuant to R.C. 1343.03(A) on individual delinquent child support payments from the time each installment becomes due and payable. Because we hold that interest is allowable, we reverse.

On March 20, 1974, Maryann Allen, nka Barger, was granted a divorce from William Allen. The divorce decree awarded custody of the two minor children to Maryann and awarded her $35 per week in child support. William made regular support payments in 1974 in the amount of $659. He also paid $459 in 1988 and made other payments over the years for a total of $1931, leaving a balance of $21,694.

On July 8, 1988, Maryann filed a motion for money judgment for the delinquent support payments. The motion was amended to include interest on each delinquent payment. The referee recommended that a lump-sum judgment be entered against William in the amount of $21,694 plus interest from the date of the lump-sum judgment. The referee also recommended that Maryanns's request for interest from the date each payment became delinquent be denied. The trial court adopted these recommendations.

William raises two assignments of error.

### ASSIGNMENTS OF ERROR
"I. The trial court committed reversible error where it failed to find that appellee was barred by the defense of laches from receiving a money judgment against appellant.

"II. The trial court abused its discretion in failing to find the laches defense upon hearing the testimony of witnesses and introduction of evidence."

Because both assignments of error relate to William's defense of laches, they will be addressed together.

Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. *Connin* v. *Bailey* (1984), 15 Ohio St. 3d 34, 35, citing *Smith* v. *Smith* (1957), 107 Ohio App. 440, 443-44. Delay alone in asserting a right does not constitute laches. Rather, it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim. *Connin, supra*, at 35-36. A determination of laches is normally left to the discretion of the trial court. *Thropp* v. *Bache Halsey Stuart Shields, Inc.* (C.A. 6, 1981) 650 F. 2d 817, 823.

In this instance, Maryann asserted that she did not know where William resided for the first six years after their divorce; that she did not have the finances to pursue the matter at that time; and that once William and the children began to have visitation, she was afraid that a court action for support would hurt the children emotionally because it would endanger the children's relationship with their father and that she would not obtain support anyway because of William's drinking problems and because of his sporadic employment.

William admitted to having had an alcohol problem for a number of years until 1983, and that between 1978 and 1982 he did not visit or communicate with the children.

William's claim of material prejudice resulting from the delay was based on the fact that he received no notice that his means of meeting his obligation were unacceptable. The referee determined that William's means of meeting his obligation, i.e., sporadically giving the children money whenever he had it to give, could only be acceptable if an agreement existed to modify the divorce entry. By finding no such agreement existed between the parties, the referee properly determined that any means of meeting his support obligation other than by complying with the court order or by seeking to modify the order were unacceptable.

William also argued that he was materially prejudiced by the delay because neither party kept records over the years and if he had known that Maryann would not keep their agreement, he would have kept his records. Because the referee found no agreement existed, this was not a proper basis for asserting material prejudice.

Based on this testimony, we cannot say that the trial court erred in determining that Maryann sufficiently explained the delay and that William failed to show that he had been materially prejudiced by the delay.

Accordingly, the assignments of error are overruled.

### CROSS-ASSIGNMENT OF ERROR

"The court erred in denying the plaintiff-obligee a judgment against defendant-obligator which included interest calculated on each delinquent child support payment from the date it became due and payable."

The trial court concluded that it could not allow interest on delinquent support payments, but could only allow interest on the lump-sum judgment.

We have held that a lump-sum judgment for child support arrearages may bear statutory interest pursuant to R.C. 1343.03(A) from the date of the lump-sum judgment. *Perrotta* v. *Perrotta* (March 8, 1989), Summit App. No. 13836, unreported. Because the custodial parent in *Perrotta* asked only for interest from the date of the lump-sum judgment, we did not decide whether the custodial parent would be entitled to interest on each delinquent payment. We must now decide that question.

In the absence of factors making it inequitable, a right to interest on unpaid installments of alimony accrues on the date each installment matures or becomes due, and runs until paid. The theory behind this rule is that such installments are in the nature of separate judgments, which bear interest as they become due. Annotation, Right to Interest on Unpaid Alimony (1954), 33 A.L.R. 2d 1455, 1456. Another theory for such an interest award is that the defendant had the use of the money during the time that the plaintiff was entitled to it. *Id.* at 1458.

Other jurisdictions have held that each installment of alimony or child support, when unpaid, becomes a separate judgment and bears interest from the due date until payment is made. *Roberts* v. *Roberts* (Wash., 1966), 420 P.2d 864, 866; *McKay* v. *McKay* (1962), 13 Utah 2d 187, 370 P.2d 358, 359; *Miller* v. *Miller* (La. 1975), 321 So.2d 318, 321. Where a divorce decree orders the defendant to pay a certain amount each month for support, and the defendant fails to make such payments, plaintiff is entitled to recover interest on each monthly payment from the time it becomes due, once plaintiff files a petition to recover past due payments. *Pope* v. *Pope* (1954), 2 Ill. 2d 152, 117 N.E. 2d 65, 69.

In *Miller, supra,* the court stated that where there was no debt due at the time of the original suit, and the due date of each future installment was fixed in the original judgment, interest was properly awarded on each installment from its due until paid. *Id.* at 321.

The initial judgment for installment payments, while a final order from which an appeal can be taken, is uncertain as to amount. *Smith* v. *Smith* (1959), 168 Ohio St. 447, 450. Mathematically, the amount contemplated by the support order can be determined. However, uncertainties remain, such as whether the child will live for the duration of the support order, or whether the court issuing the order will modify the support order in the future. *Id.*

An installment which is due and unpaid is fixed and unalterable, at least if no power to modify has been reserved in the decree. *McPherson* v. *McPherson* (1950), 153 Ohio St. 82, syllabus. R.C. 3113.21(M) now prohibits retroactive modification of delinquent support payments except for payments which become due after notice of a petition to modify the support order is given.

Because the amount becomes fixed and ascertainable after the installment is unpaid and past due, interest may be computed on each unpaid installment as it becomes due. See *Smith* v. *Smith* (App. 1960), 14 O.O. 2d 394, 395. Accordingly, we hold that statutory interest may be charged on delinquent support payments as they become due, and such interest may be included in a lamp-sum judgment for arrearages.

The cross-assignment of error is well taken.

*Judgment reversed and*
*cause remanded.*

REECE, P.J., and BAIRD, J., concur.