**In re HAMMOND.**

[Cite as *In re Hammond* (1992), 78 Ohio App.3d 170.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910224.

Decided Jan. 29, 1992.

---

*Roger R. Chacksfield,* for appellant.

*George S. Maley,* for appellee.

*Per Curiam.*

Appellant Janet Hammond and appellee Donald Hammond filed a petition for dissolution of their marriage in August 1981. In September 1981, the trial court entered a decree of dissolution which incorporated the separation agreement entered into by the parties. The separation agreement provided that appellee make weekly child-support payments to appellant through the Hamilton County Bureau of Support.

In March 1990, appellant filed a motion for contempt which sought unpaid child-support payments amounting to $15,289.04 in a lump-sum judgment, fees, "and such other relief to which she may be entitled." The referee recommended that appellant's request for judgment on the arrearage in child-support payments be granted, but that her request for interest be denied. Appellant then filed objections to the report of the referee.

The trial court overruled appellant's objections and adopted the report of the referee. Appellant then appealed to this court.

Appellant's single assignment of error states:

"The trial court committed error prejudicial to appellant when it overruled appellants' [*sic*] timely objections to the referees [*sic*] findings and recommendations that the interest provisions of O.R.C. Section 1343.03(A) do not apply to unpaid installments of support for minors."

We find this assignment of error to be well taken. We, therefore, reverse the judgment of the trial court.

R.C. 1343.03(A) provides as follows:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

In the absence of factors making it inequitable, a right to interest under R.C. 1343.03(A) on unpaid child support accrues on the date each installment becomes due, and runs until paid. *Allen v. Allen* (1990), 62 Ohio App.3d 621, 577 N.E.2d 126. Such interest may be included in a lump-sum judgment for arrearages in child support. *Id.*

Therefore, the trial court had the authority to award interest to appellant on the arrearages in the child-support obligations of appellee. Its holding to the contrary was erroneous.

Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with the law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., DOAN and HILDEBRANDT, JJ., concur.