[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 369.]

DUNBAR, APPELLEE, *v.* DUNBAR, N.K.A. GREBLER, APPELLANT.

[Cite as *Dunbar v. Dunbar*, 1994-Ohio-509.]

*Domestic relations—Arrearages in child support which have not been reduced to a lump-sum judgment are not subject to interest provisions of R.C. 1343.03. Arrearages in child support which have not been reduced to a lump-sum judgment are not subject to the interest provisions of R.C. 1343.03.*

(No. 92-1947—Submitted December 7, 1993—Decided March 2, 1994.)

Appeal from the Court of Appeals for Butler County, No. CA91-12-209.

————————————

{¶ 1} The parties' decree of divorce was filed on or about November 29, 1971. In February 1975, appellant, Frances D. Dunbar, n.k.a. Grebler, filed a motion for contempt, alleging arrearages in child support and payment of medical expenses. The trial court increased support from $25 per week to $29 per week, found child-support arrearages to be $232, and ordered medical expenses to be reimbursed upon proper submission of medical bills by appellant.

{¶ 2} At the time of the hearings in the spring of 1975, appellee, Robert E. Dunbar, received a Fullbright Fellowship to teach in New Zealand for three years. In order to maintain his visa and remain in New Zealand, appellee had to pay all outstanding debts. Appellee tendered a check to appellant for $4,524, representing advance payment of three years support at $29 per week. Appellant refused the tendered check, whereupon appellee's visa was revoked and he lost his Fullbright Fellowship.

{¶ 3} On or about April 26, 1979, appellant's husband adopted Andrea, the parties' minor child. On April 17, 1990, appellant filed a motion for a lump-sum judgment for child support, medical expenses, court costs, and attorney fees. By supplemental pleading, appellant filed for accrued interest on the child-support

arrearages and the medical expenses. Following a hearing, the court awarded appellant $5,974 for child support and $1,380 for medical expenses. The court also awarded interest on the lump-sum judgment as of May 24, 1991 until paid in full. The court of appeals, finding that the trial court did not abuse its discretion, affirmed the trial court's judgment.

{¶ 4} This matter is now before this court upon an allowance of a motion to certify the record.

—————————

*Beckman, Weil, Shepardson & Faller* and *Barbara J. Howard*, for appellee.
*Stephen M. Straus*, for appellant.

—————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 5} In appellant's first proposition of law, she claims that an obligee of unpaid installments of child support has a right to statutory interest under R.C. 1343.03(A) upon the date each installment becomes due. Appellant contends that the trial court erred in awarding interest only on the lump-sum judgment. For the following reasons, we find this argument is without merit.

{¶ 6} This court has held that even though a divorce decree is a final judgment, any unpaid and delinquent installments must be reduced to a lump-sum judgment before an execution can be levied upon the monies owing. *Roach v. Roach* (1956), 164 Ohio St. 587, 59 O.O. 1, 132 N.E.2d 742. Thus, arrearages in child support which have not been reduced to a lump-sum judgment are not subject to the interest provisions of R.C. 1343.03. Moreover, the trial court's decision regarding prejudgment interest will not be reversed absent an abuse of discretion. See *Cox v. Oliver Mach. Co.* (1987), 41 Ohio App.3d 28, 38, 534 N.E.2d 855, 865.

{¶ 7} We note that newly enacted R.C. 3113.219 (Am.Sub.S.B. No. 10) provides that on or after July 1, 1992, when a court determines that a support order has not been paid, the obligee has a statutory right to interest on delinquent child-

support payments. Newly amended R.C. 3109.05(C) provides that: "[O]n or after July 1, 1992, [a court] shall assess interest on any unpaid amount of child support pursuant to R.C. 3113.219 of the Revised Code." While this legislation provides for a statutory right to interest on delinquent child-support payments which did not previously exist, this provision applies only to support orders issued or modified on or after July 1, 1992. Since the support order in the present case was neither issued nor modified on or after that date, the new legislation is not applicable to the present case. Accordingly, we find no abuse of discretion in the trial court's decision to award appellant interest from the date of the lump-sum judgment.

{¶ 8} In appellant's second proposition of law, she claims that the trial court erred in not awarding a sufficient amount for reimbursement of medical expenses. However, the court has considerable discretion in formulating a support award and the court's discretion will not be disturbed absent an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. In the present case, appellant's evidence as to this claim consisted primarily of her own testimony, a few dental bills, and her own handwritten list of medical expenses as submitted on her federal income tax return. Accordingly, based on our review of the record, we find that the court's award of medical expenses in the amount of $1,380 was neither unreasonable, arbitrary, nor unconscionable.

{¶ 9} Finally, appellant claims that the court erred in refusing to award attorney fees. A court's decision on a request for attorney fees will not be overruled absent an attitude that is unreasonable, arbitrary, or unconscionable. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 18 OBR 415, 481 N.E.2d 609. Based on our review of the record, we conclude that the trial court's decision not to award attorney fees was neither unreasonable, arbitrary, nor unconscionable.

{¶ 10} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

_____