MATTONI, Appellant,

v.

MATTONI, Appellee.

[Cite as *Mattoni v. Mattoni* (1997), 118 Ohio App.3d 782.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–270.

Decided March 14, 1997.

*John L. Straub,* for appellant.

*Harland M. Britz,* for appellee.

---

*Per Curiam.*

This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. In its July 23, 1996 judgment and August 12, 1996 *nunc pro tunc* correction of the July 23 judgment, the court awarded appellant, Gwendolyn A. Mattoni, a lump sum judgment of $13,534.13, the amount of unpaid child/spousal support owed by appellee, John A. Mattoni.

Appellant appeals that judgment and urges that the following error occurred in the proceeding below:

"The trial court erred in failing to award appellant interest from the date of each installment of spousal support and sustenance alimony which appellant intentionally withheld and refused to pay."

Appellant and appellee were divorced in 1979. Appellant was named residential parent and legal custodian of the parties' minor children; appellee was ordered to pay child support for two of the children. In addition, appellee was ordered to pay spousal support for, as modified by this court, an indefinite period of time. See *Mattoni v. Mattoni* (Sept. 30, 1986), Lucas App. No. L-85-285, unreported, 1986 WL 11419.

The instant proceedings commenced in June 1991 with appellant's filing of a motion for a lump sum judgment on all past due spousal and child support payments and interest at the statutory rate on these alleged arrearages. Appellant also requested, among other things, an award of attorney fees, plus interest.

A hearing on appellant's motions was held before a referee on July 15, 1991. At this hearing, appellee testified that, upon the advice of his counsel, he stopped making monthly spousal support payments in January 1984. Appellee also stated that he was under the impression that he was not required to pay spousal support during the pendency of court proceedings, including an appeal to this court.

Appellant testified that he thought that three monthly payments of $15,225 each, made after our decision in 1986, on his support arrearage "caught him up." The parties stipulated, however, that a $10,884.62 arrearage existed as of June 30, 1991. In addition, the parties stipulated to Exhibit Nos. 1, 2, 3, 4 and 6, all showing arrearage amounts and attorney fees.

In a "post-trial memorandum," appellant contended, after a review of her calculations, that appellee owed a combined child support and spousal arrearage of $13,534.15 as of June 1991. In her Exhibit No. 7, attached to her posttrial memorandum, appellant calculated the amount of interest due on each installment

of child/spousal support from the time it was due and owing and reached a figure of $41,140.30. Appellant claimed that $35,452.32 represented unpaid principal (arrearage for year plus interest for year) and $5,687.98 represented interest due.

On December 19, 1991, the referee filed her report and recommendations. In her findings of fact, the referee noted the amended amount of the arrearage, as set forth in Exhibit No. 3(A), and stated, in Finding of Fact No. 11:

"That Plaintiff's Exhibit 7, admitted by stipulation, contains a computation of $35,452.32 with interest due of $5,687.98,"

In Finding of Fact No. 28, the referee admitted only Exhibits Nos. 1 through 6 into evidence. She recommended, *inter alia,* that appellant be granted a lump sum judgment of $13,534.13 representing an arrearage on appellee's "alimony" obligation and that appellant be awarded $4,000 in attorney fees. Based on the fact that the referee found appellee's testimony credible concerning his failure to pay his spousal support obligation from January 1984 to November 1986, the referee recommended that the request for interest on the arrearage be found not well taken.

Appellant filed objections to the referee's report and recommendations. On February 3, 1993, and apparently after considering appellant's objections, the domestic relations court filed the following entry:

"Except as hereinafter specifically set out the report and recommendations of the referee are affirmed.

"(1) Interest is to be awarded to all unpaid alimony and child support at the statutory rate in effect on the day payment was due. Therefore a lump sum judgment is awarded to the Plaintiff in the amount of $41,140.43.

"(2) Interest is also awarded on any unpaid attorney fees.

"(3) Plaintiff is entitled to an award of attorney fees for service subsequent to July 5, 1985."

Appellee filed a notice of appeal from this judgment. This court, however, dismissed his appeal. We determined that the order did not assess a specific amount of attorney fees and was, therefore, not a final, appealable order. See *Mattoni v. Mattoni* (Nov. 10, 1993), Lucas App. No. L–93–038, unreported.

When this case returned to the trial court, appellee filed a motion for reconsideration. He asserted that, pursuant to the recent Ohio Supreme Court case of *Dunbar v. Dunbar* (1994), 68 Ohio St.3d 369, 627 N.E.2d 532, child and spousal support arrearages that have not been reduced to a lump sum judgment are not subject to statutory interest under R.C. 1343.03. Appellant filed a memorandum in opposition.

On July 23, 1996, the domestic relations court entered a judgment in which it agreed with appellee on the question of statutory interest. The court modified the February 1993 judgment by reducing the child/spousal support award to "$35,452.32 plus prospective statutory interest." Appellant was awarded $6,000 in attorney fees plus statutory interest from the date of the judgment entry.

On July 25, 1996, appellee file a motion to correct the July 23, 1996 judgment. He argued that the lump sum judgment of over $35,000 was based on figures (in Exhibit 7) offered by appellant and included interest on the original $13,534.13 arrearage.

In a *nunc pro tunc* entry, journalized August 12, 1996, the domestic relations court noted that the $35,000-plus figure did include prejudgment interest. Finding this figure to be a mistake correctable under Civ.R. 60(A), the trial court corrected the entry of July 23, 1996 and awarded appellant a lump sum judgment of $13,534.13 plus statutory interest. This appeal followed.

In her sole assignment of error, appellant contends that statutory interest, under R.C. 1343.03(A), is applicable to the arrearages of child/spousal support as they became due and owing. Thus, she should be awarded the full $41,140.31 as of July 15, 1991, the date of the hearing before the referee, as well as statutory interest from that date forward.

In *Dunbar v. Dunbar*, 68 Ohio St.3d at 370, 627 N.E.2d at 533, the Ohio Supreme Court held that arrearages in child support that are not reduced to a lump sum judgment are not subject to the interest provisions of R.C. 1343.03. The *Dunbar* court further noted that, effective July 1, 1992, R.C. 3113.219(A) permits the assessment of interest on any delinquent child support payments issued or modified on or after the effective date of that statute. In *Dunbar*, however, the child support order was issued/modified prior to the effective date of R.C. 3113.219(A). Therefore, the Ohio Supreme Court found that interest on the child support payments as they became due was not available. The reasoning in *Dunbar* is also applicable to a spousal support arrearage.

R.C. 3113.219(A) provides that when an obligor willfully fails to pay on a support order issued or modified after July 2, 1992, the court shall assess interest "on the amount of support the obligor failed to pay from the date the court specifies as the original date the obligor failed to comply" to the date the court issues a new support order and "shall compute the interest at the rate specified" in R.C. 1343.03. R.C. 3113.219(A) further states that, on or after the effective date of the statute, this interest may be assessed on a support order issued or modified pursuant to R.C. 3105.18. R.C. 3105.18 governs the determination of a spousal support obligation. Because R.C. 3113.219(A) makes specific reference to the spousal support statute, the term "support order" in R.C. 3113.219(A)

includes a spousal support order. See *Glassman v. Offenberg* (Dec. 7, 1995), Cuyahoga App. No. 67334, unreported, 1995 WL 723272; *Harner v. Harner* (Dec. 23, 1994), Portage App. No. 94–P–0011, unreported, 1994 WL 738450. Therefore, unless arrearages are reduced to a lump sum judgment, interest cannot be awarded as of the time a spousal support payment becomes due unless the support order was issued or modified on or after July 1, 1992.

In the present case, the combined child support/spousal support orders that are the subject of this action were, admittedly, not issued or modified on or after July 1, 1992. As a result, appellant cannot recover interest on these payments as of the date they each became due.

Appellant's sole assignment of error is found not well taken.

The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., GLASSER and KNEPPER, JJ., concur.