[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Wood County Court of Common Pleas, Domestic Relations Division. The facts giving rise to this appeal are as follows.
Appellant, Tyrone L. Warner and appellee, Janellen Warner n.k.a. Swartz were divorced on June 4, 1973. Appellee was awarded custody of the couple's six children. Appellant was ordered to pay $60 per week in child support.
On April 24, 1989, the court, in response to a motion to show cause, ordered appellant to pay $100 per week in child support. The sum was broken down as follows: $60 per week was to be applied to current child support for Brant Warner, the one remaining minor child and, $40 per week was to be applied toward arrearages. The judgment entry further stated that the support order would: "continue unabated upon the emancipation of the remaining minor child, and at that time the entire sum shall be applied toward the arrearage until such time as the arrearage is retired or until further order of this court." The order further stated:
 "[T]he person who has custody of a child for whom a support order is issued shall immediately notify the Court that issued the order of any reason for which the support order should terminate, including but not limited to the child's death, adoption, marriage, emancipation, incarceration, enlisted (sic) in the armed forces * * *"
Appellant had accrued an arrearage of $34,075.39. The court found that $16,259.10 of the arrearage was owed to the Wood County Department of Human Services. The balance, $17,816.29, was owed to appellee. Appellee was awarded a lump sum judgment against appellant in the amount of $17,816.29.
On November 14, 1996, appellant filed a "motion to modify and correct termination date for child support for Brant Warner." Brant Warner's twenty-first birthday was on August 31, 1991. As of said date, the entire $100 per week appellant was ordered to pay in child support applied to the arrearage. Appellant argued that Brant Warner was emancipated before his twenty-first birthday; therefore, his entire payment should have been applied to the arrearage before August 31, 1991.
On January 14, 1997, appellee filed a "motion to determine post judgment interest due plaintiff and request for a lump sum judgment." Appellee sought post judgment interest on the lump sum awarded in 1989.
On April 22, 1997, a magistrate issued a decision finding that Brant Warner had entered the United States Navy on January 3, 1990, and the Child Support Enforcement Agency was not notified. The magistrate found that Brant Warner was emancipated on January 3, 1990. Thus, $5,160, the sum paid to appellee as support for Brant from January 3, 1990 until August 31, 1991, should have applied to arrearages. The magistrate found that pursuant to R.C. 1343.03, appellee was entitled to interest on her 1989 lump sum judgment at the rate of ten percent per annum or, $6,981. The magistrate subtracted the amount erroneously paid to appellee as support from the amount appellant owed in interest and determined that appellee was entitled to a judgment in the amount of $1,821. On August 12, 1997, the judge adopted the magistrate's decision. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING STATUTORY INTEREST TO THE PLAINTIFF-APPELLEE FROM THE JUDGMENT GRANTED ON APRIL 24, 1989."
Appellant argues the court improperly applied R.C.3113.219 and/or R.C. 1343.03(A) as there was no showing of willful failure to pay support. Appellant's argument suggests he has confused the two statutes.
R.C. 3113.219 states:
 "(A) On or after July 1, 1992, when a court issues or modifies a support order under Chapter 3115. or section 2151.23, 2151.231 [2151.23.1], 2151.33, 2151.36, 2151.49, 3105.18, 3105.21, 3109.05, 3109.19, 3111.13, 3113.04, 3113.07, 3113.216 [3113.21.6], or 3113.31 of the Revised Code or in any proceeding in which a court determines the amount of support to be paid pursuant to a support order, the court shall determine the date the obligor failed to pay the support required under the support order and the amount of support the obligor failed to pay. If the court determines the obligor has failed at any time to comply with a support order, the court shall issue a new order requiring the obligor to pay support. If the court determines that the failure to pay was willful, the court shall assess interest on the amount of support the obligor failed to pay from the date the court specifies as the original date the obligor failed to comply with the order requiring the payment of support to the date the court issues the new order requiring the payment of support and shall compute the interest at the rate specified in division (A) of section 1343.03 of the Revised Code. The court shall specify in the support order the amount of interest the court assessed against the obligor and incorporate the amount of interest into the new monthly payment plan."
R.C. 3113.219, which requires a determination of willfulness, applies to support orders issued on or after July 1, 1992. The support order at issue in this case was issued in 1989. R.C. 1.48 states that a statute "is presumed to be prospective in its operation unless expressly made retrospective." R.C. 3113.219
was not expressly made retrospective and therefore has no application to support orders issued before July 1, 1992. Dunbarv. Dunbar (1994), 68 Ohio St.3d 369, Bloom v. McCoil (Sept. 30, 1994), Ottawa App. No. 940T018, unreported.
The applicable statute in this case is R.C. 1343.03
which states:
 "(A) Except as provided in division (C)(2) of this section, in cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract."
The above statute does not expressly include child support judgments and the Ohio Supreme Court has not specifically addressed the applicability of R.C. 1343.03 to domestic relations proceedings. In the Dunbar case, however, the court implicitly decided that R.C. 1343 applies to domestic relations proceedings through its holding that "arrearages in child support which have not been reduced to a lump-sum judgment are not subject to the interest provisions of R.C. 1343.03." (See, also, Brannon v.Brannon (June 27, 1997), Trumbull App. No 96-T-5572, unreported, "* * * in [Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 220, fn.2] the court implicitly concluded that R.C. 1343.03 applied in domestic relations proceedings by noting that the trial court's imposition of fifteen percent, as opposed to ten percent, interest was `clearly contrary to law.'")
Unlike R.C. 3113.219, R.C. 1343.03 does not require the court to determine the wilfulness of an obligor's failure to pay. The court in this case correctly applied R.C. 1343.03 and awarded appellee post-judgment interest at the rate of ten per cent per annum from the date of her 1989 lump sum judgment. Accordingly, appellant's sole assignment of error is found not-well taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.