OPINION
Plaintiff-appellant, William H. Clark, Jr., appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, increasing his annual child support obligation. The decision of the trial court is affirmed.
The parties were divorced in August 1998. Defendant-appellee, Teresa M. Clark, was granted custody of the parties' five children, now ages sixteen, fifteen, twelve, ten, and eight. Appellant was ordered to pay child support in the guideline amount of $2,336.15 per month, based on his yearly income of $130,000. Appellee had no income at the time.
Appellee remained unemployed, despite having a bachelor's degree and experience as an orthodontic assistant. In June 2000, she moved with the parties' children to Santa Fe, New Mexico where her family lives. This move was apparently unopposed by appellant, who did not request a hearing on the notice of intent to relocate appellee filed with the trial court.
In the years following the divorce, appellant's base salary remained the same. However, his total income rose significantly. He received substantial bonuses in 1998, 1999, and 2000, bringing his total compensation to $187,709, $305,831, and $249,100 for each respective year. As a result of appellant's increased income, appellee filed a motion requesting that the child support order be increased, and that appellant be found in contempt for failing to notify the Child Support Enforcement Agency of the change in his income.
A hearing was held on the motion. Appellant stipulated to his yearly income and bonuses, but argued that he should be granted a deviation from the guideline support amount due to the extraordinary travel expenses necessitated by appellee's move to New Mexico. In determining appellant's new support obligation, the trial court imputed a minimum wage income to appellee and averaged appellant's bonus income over the three prior years. The trial court ordered appellant to pay child support in the guideline amount of $40,716.45 yearly. The trial court denied appellant's request for a downward deviation, finding that it would not be in the children's best interest. Appellant appeals, raising two assignments of error.
 Assignment of Error No. 1: THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO ADJUST THE AMOUNT OF CHILD SUPPORT TO TAKE INTO CONSIDERATION THE EXTRAORDINARY COSTS ASSOCIATED WITH APPELLANT'S MAINTAINING A RELATIONSHIP WITH HIS CHILDREN.
A trial court has broad discretion in calculating child support awards. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371. Consequently, a trial court's decision regarding child support will not be reversed absent an abuse of discretion. Id. More than an error in law or judgment, an abuse of discretion indicates that the trial court's decision is arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217, 219 (citations omitted).
A trial court is required to calculate the amount of an obligor's child support obligation in accordance with statutory guidelines. R.C.3113.215(B)(1). Where one or both parents have income exceeding $150,000 per year, the trial court "must order a support award that is at least the same percentage of the parents' combined annual income as would result in the guidelines for $150,000 (10.145 percent)." Murray v. Murray (1999),128 Ohio App.3d 662, 671. The guideline support amount is rebuttably presumed to be correct, and the trial court may not deviate from the guideline amount unless it makes factual findings that the guideline support obligation is unjust or inappropriate, and not in the child's best interest. Id. R.C. 3113.215(B)(2)(b) and (c).
When determining whether a departure from the guideline child support amount is warranted, the trial court may consider whether a parent incurs extraordinary costs associated with visitation. R.C. 3113.215(B)(3)(d). If the parent incurs extraordinary travel costs, a downward deviation will only be granted if the trial court further finds that such a deviation is in the children's best interest.
Appellant testified that he anticipated flying his five children to his home four or five times a year, and that he and his new wife and son would travel four times a year to Santa Fe to visit the children. He testified that his anticipated travel expenses would range from $18,000 to $46,000, depending on whether the airline tickets were purchased within fourteen days of departure. This amount was based on $527 per ticket as the lowest priced airfare from Cincinnati to Santa Fe. However, the testimony at trial indicated that the one time the children flew to Ohio he actually paid under $400 per ticket.
Over the past three years, appellant has had an average income of $250,548 per year, while appellee has an imputed yearly income of $11,128. Based on the great disparity in the parties' incomes, we cannot find that the trial court abused its discretion by ordering appellant to pay guideline support. The child support obligation is not unjust or inappropriate, and there is no indication that a deviation would be in the children's best interest. Accordingly, the first assignment of error is overruled.
 Assignment of Error No. 2: THE COURT ERRED AS A MATTER OF LAW IN FAILING TO PROPERLY CALCULATE THE AMOUNT OF CHILD SUPORT.
Appellant contends that the trial court made a mathematical error in calculating his child support obligation. Appellant contends that the support amount per pay period which is indicated on line twenty-nine of the child support worksheet is in error.
Upon review of the child support worksheet, we find no error. Line twenty-eight indicates that appellant's child support obligation is $678.61 per child per month. Appellant presents the mistaken argument that the amount indicated for the deduction order in line twenty-nine of the worksheet is derived by simply adding a two percent processing fee to the amount indicated in line twenty-eight.
In reality, line twenty-eight reflects only his child support obligation per child per month, $678.61. This figure multiplied by five children, multiplied by twelve months, totals $40,716.45, or his total support obligation as indicated on line twenty-seven. This number, divided by fifty-two, the number of pay periods indicated on the worksheet, is $783.01. Once a two percent processing fee is added, appellant's child support obligation for each of the fifty-two pay periods is, as reflected on the worksheet, $798.67. The second assignment of error is overruled.
Judgment affirmed.
 ____________ WALSH, JUDGE
VALEN, P.J., and POWELL, J., concur.