[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
By the decree entered December 31, 1990, the parties were divorced and defendant-appellee Randall Lee Trenkamp was ordered to pay child support for the parties' three children. Subsequently, Randall pleaded guilty to three counts of first-degree-misdemeanor nonsupport. On May 16, 2000, plaintiff-appellant Sandra Lee Trenkamp filed a motion requesting that the trial court calculate interest on the child-support arrearage owed by Randall. The motion requested that the trial court calculate the "interest on the unpaid arrearage from 1990 through 1998." Attached to the motion was a document prepared by Sandra's counsel entitled "calculation of interest." Counsel had calculated the interest owed by Randall on the child-support arrearage by subtracting the amount of support paid from the amount owed for each of the years 1990 through 1998. Counsel then added ten percent of the difference as interest for each year, for a total of $46,589.37 in interest.
On May 7, 2001, the magistrate issued a decision granting, inter alia, Sandra's motion for interest in the amount of $46,589.37. In awarding interest, the magistrate relied on In re Hammond (1992),78 Ohio App.3d 170, 604 N.E.2d 197. Randall objected to the magistrate's decision. The trial court "overruled" the portion of the magistrate's decision allowing interest. Sandra has appealed, raising one assignment of error for our review, which alleges that the trial court erred in denying her motion for interest on the child-support arrearage.
Sandra cites In re Hammond, supra, in which we held,
 In the absence of factors making it inequitable, a right to interest under R.C. 1343.03(A) on unpaid child support accrues on the date each installment becomes due, and runs until paid. Allen v. Allen (1990), 62 Ohio App.3d 621, 577 N.E.2d 126. Such interest may be included in a lump-sum judgment for arrearages in child support. Id.
Sandra also cites R.C. 3113.219(A)[1], which provides, in part, the following:
 On or after July 1, 1992, when a court issues or modifies a support order * * * or in any proceeding in which a court determines the amount of support to be paid pursuant to a support order, the court shall determine the date the obligor failed to pay the support required under the support order and the amount of support the obligor failed to pay. If the court determines the obligor has failed at any time to comply with a support order, the court shall issue a new order requiring the obligor to pay support. If the court determines that the failure to pay was willful, the court shall assess interest on the amount of support the obligor failed to pay from the date the court specifies as the original date the obligor failed to comply with the order requiring the payment of support to the date the court issues the new order requiring payment the payment of support and shall compute the interest at the rate specified in section 1343.03 of the Revised Code.
 Sandra argues that pursuant to In re Hammond she is entitled to interest on the unpaid child support due prior to July 1, 1992, from the date each installment was due, because Randall failed to demonstrate "factors making it inequitable" to allow such interest to accrue. Further, Sandra argues that she is entitled to interest for the child support due after July 1, 1992, through 1998, because the magistrate correctly found that Randall willfully failed to support the children. We disagree.
In Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 627 N.E.2d 532, syllabus, the Supreme Court held that "[a]rrearages in child support which have not been reduced to a lump sum judgment are not subject to the interest provisions of R.C. 1343.03." Further, the Dunbar court stated,
 We note that newly enacted R.C. 3113.219 (Am.Sub.S.B. No. 10) provides that on or after July 1, 1992, when a court determines that a support order has not been paid, the obligee has a statutory right to interest on delinquent child-support payments. Newly amended R.C. 3109.05(C) provides that: "[O]n or after July 1, 1992, [a court] shall assess interest on any unpaid amount of child support pursuant to section 3113.219 of the Revised Code." While this legislation provides for a statutory right to interest on delinquent child-support payments which did not previously exist, this provision applies only to support orders issued or modified on or after July 1, 1992. Since the support order in the present case was neither issued nor modified on or after that date, the new legislation is not applicable to the present case.
 Following Dunbar, the Hammond standard is no longer applicable. See Bauer v. Bauer (Aug. 3, 2001), Wood App. No. WD-00-071, unreported. Where the child support order was issued prior to July 1, 1992, "interest on the child support payments as they became due was not available." Mattoni v. Mattoni (1997), 118 Ohio App.3d 782, 785, 694 N.E.2d 104, 106. There is no right to interest on a pre-1992 support arrearage that has not been reduced to a lump sum judgment. See Dunbar v. Dunbar, supra.
R.C. 3113.219 applies to support orders issued or modified on after July 1, 1992. See Dunbar v. Dunbar, supra; Warner v. Warner (Feb. 27, 1998), Wood App. No. WD-97-095, unreported. Interest cannot be awarded under R.C. 3113.219(A) for any period prior to the effective date of the statute. See Bloom v. McCoil (Sept. 30, 1994), Ottawa App. No. 94OT018, unreported.
Sandra Trenkamp is not entitled to interest on the unpaid child support due prior to July 1, 1992, from the date each installment was due because the arrearage had not been reduced to a lump sum judgment. See Dunbar v.Dunbar, supra; Mattoni v. Mattoni, supra. Further, she is not entitled to interest under R.C. 3113.219 from the date each installment was due between July 1, 1992, and 1998, because the support order was not issued or modified on or after July 1, 1992, through 1998. See Dunbar v.Dunbar, supra; Warner v. Warner, supra; Bloom v. McCoil, supra. The trial court did not err in failing to award interest as calculated by the magistrate. We point out that Sandra Trenkamp is entitled to interest from the date the lump sum judgment for the child-support arrearage was entered. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., and Winkler, J.
[1] Effective March 22, 2001, R.C. 3113.219 was amended and renumbered R.C. 3123.17.