OPINION
Defendant-appellant, the Ohio Bureau of Workers' Compensation ("BWC"), appeals a decision of the Warren County Court of Common Pleas, granting default judgment in favor of appellees, Benjamin Harris and the Meridian Insurance Group, Inc.
Harris was injured in a motor vehicle accident while acting in the course and scope of his employment and subsequently filed a claim with the BWC. BWC paid a total of $70,921.81 in medical bills in connection with the claim. Pursuant to R.C. 4123.931,[1] BWC asserted a right of subrogation against any settlements Harris might make with his own insurer or the tortfeasor. BWC claimed it had a right to $70,921.81, the amount previously disbursed, plus an additional $100,000, which it alleged it would disburse in future benefits to Harris.
Harris did in fact make claims against the tortfeasor at fault in the accident, and against Meridian Insurance Group, his own insurer. Harris settled his claim against the tortfeasor for $100,000, the tortfeasor's automobile liability insurance policy limit. Pursuant to BWC's demand for partial satisfaction of its subrogation claim, the tortfeasor's automobile insurer paid $25,000 of the $100,000 settlement directly to BWC.
In June 2001, the Ohio Supreme Court declared R.C. 4123.931
unconstitutional in its entirety. See Holeton v. Crouse Cartage Co.,92 Ohio St.3d 115, 2001-Ohio-109.
Harris settled his claim with Meridian in September 2001. $145,921.82 was deposited into an escrow account to satisfy BWC's subrogation claim. BWC asserted that it was owed $45,921.82 in unreimbursed medical benefits and continued to claim that it would incur future benefit costs of $100,000 related to Harris's claim. It was agreed by the parties that the money would remain in the escrow account pending a judicial determination of BWC's right to subrogation.
Harris and Meridian Insurance filed a complaint for declaratory judgment and injunctive relief which named BWC as defendant. Appellees' complaint requested that the trial court grant the following relief "(1) [to enjoin BWC] from asserting any right of subrogation against Harris or Meridian in relation to [the claim]; (2) to refund to Harris the $25,000 BWC collected when Harris settled with the third-party tortfeasor, with interest at the statutory rate from the date BWC received said sum; and (3) to pay Plaintiff's attorney fees incurred in connection with this action."
BWC failed to respond to the complaint, and appellees filed a motion for default judgment. The motion, accompanied by a supporting affidavit, requested that the trial court order BWC to refund the sums withheld in connection with its subrogation claim, and a declaration that BWC had no right to the funds held in escrow. The trial court granted the motion. BWC was ordered to release the funds held in escrow and to refund to Harris the previously collected $25,000, with interest at the statutory rate. However, the trial court made no ruling with respect to the request for attorney fees contained in appellees' complaint. BWC appeals.
A threshold issue for this court to determine is whether the trial court's decision is a final, appealable order which vests this court with jurisdiction. Although not an issue raised by either party, this court must address, sua sponte, whether there is a final appealable order ripe for review. State ex rel. White v. Cuyahoga Metro. Hous. Auth.,79 Ohio St.3d 543, 544, 1997-Ohio-366.
Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 20, and the matter must be dismissed. Renner's Weldingand Fabrication, Inc. v. Chrysler Motor Corp. (1996), 117 Ohio App.3d 61,64.
The November 19, 2001 judgment entry grants default judgment to appellees. While it grants the relief requested by appellees, it fails to address appellees' request for attorney fees.[2] In such an instance, where an order adjudicates fewer than all the claims or rights and liabilities of the parties, the order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Noblev. Colwell (1989), 44 Ohio St.3d 92, at syllabus; General Acc. Ins. Co.v. Ins. Co. of North America (1989), 44 Ohio St.3d 17, 21. Assuming, arguendo, that the order meets the finality requirements of R.C.2505.02,[3] the order must comply with the requirements of Civ.R. 54(B) in order to be final and appealable.
Civ.R. 54(B) provides, in pertinent part, that "when more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civil Rule 54(B) makes mandatory the use of the language, "there is no just reason for delay." Noble at 96, citing Jarrett v.Dayton Osteopathic Hospital, Inc. (1985), 20 Ohio St.3d 77. Unless those words appear where multiple claims or multiple parties exist, "the order is subject to modification and it cannot be either final or appealable." Id. The required language puts the parties on notice when an order or decree has become final for purposes of appeal. See Staff Note to Civ.R. 54(B); Pokorny v. Tilby Development Co. (1977), 52 Ohio St.2d 183.
The judgment entry in this case did not refer to Civ.R. 54(B) and did not use the language required by the rule. As the entry fails to address one of the multiple claims presented by appellees, namely, the claim for attorney fees, this issue remains unresolved and thus is not appealable. See Chef Italiano Corp v. Kent State Univ. (1989), 44 Ohio St.3d 86. Although the appealed entry arguably may appear to comport with the finality requirements of R.C. 2505.02, it is not a final appealable judgment pursuant to Civ.R. 54(B) because it fails to adjudicate one of the parties' claims and fails to include the mandatory Civ.R. 54(B) language. Accord Noble, 44 Ohio St.3d 92 at syllabus; Shelby Ins. Groupv. Gumm (Dec. 27, 1995), Ross App. No. 95CA2102. See, e.g., Stevens v.Manchester (Mar. 13, 1997), Franklin App. No. 96APE08-1022; Mattoni v.Mattoni (1997), 118 Ohio App.3d 782.
Because the trial court's entry is not a final appealable order, this court lacks jurisdiction to rule on the assignments of error presented by appellant. Accordingly, the instant appeal is dismissed for want of jurisdiction.
YOUNG and VALEN, JJ., concur.
[1] R.C. 4123.931 created an automatic right of subrogation in favor of the BWC in any settlements made by a workers' compensation claimant related to the workplace injury.
[2] Attorney fees may be awarded in a declaratory judgment action against the BWC. See Ohio State Chiropractic Association v. Ohio Bureauof Workers' Compensation, 72 Ohio St.3d 485, 1995-Ohio-74, citingMotorists Mut. Ins. Co. v. Brandenburg, 72 Ohio St.3d 157,1995-Ohio-281.
[3] {¶ a} As relevant to the present case, R.C. 2505.02(B) provides:
 {¶ b} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ c} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ d} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"