DECISION AND JUDGMENT ENTRY
{¶ 1} This case is again before the court. Defendant-appellant, David Hanna, appeals the June 14, 2006 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which overruled appellant's objections to the magistrate's September 15, 2005 decision. For the reasons that follow, we affirm.
 {¶ 2} The facts relevant to this appeal are as follows. The parties were married on July 29, 1995, and had a son in 1997. On August 19, 1999, appellee filed a complaint for divorce. On November 7, 2001, the trial court issued its judgment entry of divorce.
 {¶ 3} Throughout the proceedings, the parties have had ongoing disputes regarding visitation with and the care of their minor son. With regard to these issues, hearings were conducted on March 30, 2004, March 31, 2004, July 27, 2004, and March 10, 2005. The issues before the court included: 1) whether appellee should have priority in scheduling vacation time during her month off in July; 2) whether appellant should have the right of first refusal to provide care for their child when appellee is unable to do so; 3) whether appellant owed money for their child's medical expenses; 4) whether appellant's support obligation should be modified; 5) whether the exchange of possession of the child should remain at Children's Rights Council; 6) whether appellant should receive an additional overnight visitation with the child; 7) whether either party should be responsible for the payment of the other's attorney fees.
 {¶ 4} On September 15, 2005, the magistrate issued her decision. With regard to the above issues, the magistrate concluded that because appellee does not work during the month of July due to a mandatory shut-down, appellee has priority to schedule her vacation time with their child. The magistrate awarded appellant the right of first refusal to provide care for the child if appellee is unable to do so for three or more hours. The magistrate denied appellant's request for an additional overnight visitation and ordered that the current visitation schedule remain unchanged. The magistrate also denied *Page 3 
appellant's request that his child support obligation be modified; the magistrate found that appellant failed to provide evidence of his current income. Finally, the magistrate found appellant in contempt of court for failing to pay a total of $1,331.28 for the child's medical expenses; the magistrate ordered that appellant pay appellee $1,400 in attorney fees based on the contempt finding.
 {¶ 5} On September 27, 2005, appellant filed objections to the magistrate's decision and requested a transcript of the relevant proceedings. Appellant further requested that he be permitted to review the transcript and, if necessary, file amended objections. According to appellant, he was never notified of the transcript being filed.
 {¶ 6} On June 14, 2006, the trial court adopted the magistrate's decision and overruled appellant's objections. Appellant timely filed a notice of appeal.
 {¶ 7} On appeal, appellant raises the following four assignments of error:
 {¶ 8} "First assignment of error:
 {¶ 9} "The trial court erred in dismissing the appellant's motion to modify child support.
 {¶ 10} "Second assignment of error:
 {¶ 11} "The trial court erred in finding the appellant in contempt of court for failure to pay medical bills.
 {¶ 12} "Third assignment of error:
 {¶ 13} "The trial court erred by holding that the month of July constitutes a mandatory shut down of employment for a school employee. *Page 4 
 {¶ 14} "Fourth assignment of error:
 {¶ 15} "The trial court's award of parenting time to the appellant was against the manifest weight of the evidence."
 {¶ 16} In his first assignment of error, appellant argues that the trial court erroneously denied his motion to modify child support. We first note that absent an abuse of discretion, a child support award will not be disturbed on appeal. Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1984),5 Ohio St.3d 217, 219.
 {¶ 17} Relative to the assignment of error, appellant contends that he did, in fact, provide the magistrate evidence of his income for purposes of calculating child support. Appellant did testify regarding the decline in his dividend income which, it would appear, was his only income. Appellant also testified regarding his bank accounts and admitted that he initially lied about a large sum of money being placed with relatives; he admitted that he either spent it or lost it gambling. Appellant also testified that he has made no attempt to find employment beyond his used auto business which had either made a minimal profit or sustained a loss in the past five years.
 {¶ 18} Upon review, we cannot find that the trial court's determination was an abuse of discretion. Appellant's first assignment of error is not well-taken.
 {¶ 19} In appellant's second assignment of error, he argues that the trial court incorrectly found him in contempt of court for failure to pay medical bills. Appellant *Page 5 
argues that the magistrate ignored testimony that appellant had, in fact, deposited the money with his attorney and that they were in the process of determining how much he owed.
 {¶ 20} On January 13, 2004, appellee filed a motion to show cause for, inter alia, appellant's failure to pay medical bills pursuant to court order. During the hearing, appellee presented ample evidence that she notified appellant of the amounts due. Despite any alleged understanding between the parties or, namely, their counsel, appellant was on notice of the bills and the prior court order. Based on the foregoing, we cannot say that the trial court abused its discretion when it found appellant in contempt and ordered appellant to pay a portion of appellee's attorney fees. Appellant's second assignment of error is not well-taken.
 {¶ 21} In appellant's third assignment of error, he argues that the trial court erred when it determined that the month of July constitutes a mandatory shut-down of employment for a school employee and that appellee is entitled to priority vacation during that time. In making this determination, the court relied on the Lucas County Local Parenting Time Schedule, Section 6(a), which provides, in relevant part: "The non-residential parent's choice of vacation has priority over the residential parent's choice, unless the residential parent's vacation is an annual mandatory shut-down of the place of employment * * *."
 {¶ 22} Appellant contends that because appellee is a public school administrator and receives ample vacation time during the course of the academic year, she should not *Page 6 
have priority during the one-month period she is not under contract. Conversely, appellee maintains that the trial court reasonably concluded that, based on appellee's eleven-month contract and the fact that July is outside of the academic school year, July is a mandatory shut-down month for her employment.
 {¶ 23} Upon review of the relevant testimony, the above-quoted parenting schedule, and the parties' arguments, we find that the trial court did not abuse its discretion when it concluded that July is a mandatory shut-down period for appellee's employment. Appellant's third assignment of error is not well-taken.
 {¶ 24} Appellant's fourth and final assignment of error disputes the trial court's denial of his request for an additional overnight visitation. Specifically, appellant requested an additional overnight with his son from Wednesday at 3:30 p.m. until Thursday at 9:00 a.m.[1] Appellant contends that the trial court erroneously failed to follow the recommendations of Dr. Gregory Forgac, a psychologist who began counseling the parties' minor son who has developmental delays earlier in the course of these proceedings.
 {¶ 25} Upon review, we note that the trial court did, in fact, follow Dr. Forgac's initial recommendations which were set forth in his August 20, 2003 letter to the court. Dr. Forgac recommended that appellant, on a non-visitation weekend, have a Monday overnight to "promote the father's involvement in his son's education." *Page 7 
 {¶ 26} During the July 27, 2004 hearing in this matter, Dr. Forgac testified that he last saw the parties' son in September or October of 2003. Forgac stated that he believed that appellee discontinued the child's therapy with him due to her displeasure over his August 2003 recommendations. Dr. Forgac again testified on March 10, 2005; Forgac stated that he had no objection to appellant's request for an additional overnight visitation. Dr. Forgac testified that a shorter period of time between visits with appellant would be nice.
 {¶ 27} Appellee presented the testimony of Dr. Marion Boss, psychologist and professor, regarding overnight visitation on school nights. Dr. Boss testified that she observed the parties' son at school for approximately 23 hours and determined that the Monday overnights had a negative effect on his school performance.
 {¶ 28} Upon review of the relevant testimony, we conclude that the trial court did not err when it denied appellant's request for an additional overnight visitation. Dr. Forgac testified that he did not object to the idea of an additional overnight visitation; as noted above, the court followed Forgac's initial recommendation and ordered alternate Monday overnight visitation. Further, appellee presented testimony that any overnight visitation during the school week was disruptive. Maintaining the status quo with regard to visitation was reasonable. Appellant's fourth assignment of error is not well-taken.
 {¶ 29} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this *Page 8 
appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] The visitation schedule in effect at the time provided for visitation on alternate weekends from 3:30 p.m. on Friday until Sunday at 6:00 p.m. (7:00 p.m. during the summer), alternate Mondays from 3:30 p.m. until 9:00 a.m. Tuesday morning, and alternate Wednesdays from 3:30 until 7:00 p.m. *Page 1