DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Erie County Court of Common Pleas, Domestic Relations Division, following a writ of mandamus issued from this court. The judgment entry filed on July 3, 2001, denied appellant, Lawrence D. Ontko's motion to modify child support and, based on a change in custody, calculated the current child support obligations.
We will begin with the relevant facts of this case which includes a long history before this court. On November 19, 1996, appellant and appellee, Carla G. Ontko, were divorced. The parties entered into a shared parenting agreement whereby each had custody of their three minor children for six months of the year. At the time of the divorce, based upon the parties respective incomes, appellant was ordered to pay child support in the amount of $112.20 per week, plus poundage.
On June 17, 1998, appellant filed a motion for modification of child support based upon his retirement and reduction of income. Appellant also moved for full custody of his three children.
After a hearing on the matter, the magistrate recommended that appellant's motion to modify custody be denied. The magistrate further found that appellant, due to his early retirement, was voluntarily underemployed and imputed appellant's gross income at $49,000, the amount of his income at the time of the divorce. The magistrate then modified appellant's child support obligation to $206.87 per month, plus service fee, but awarded appellee the income tax exemptions for two of the children. The parties filed objections to the magistrate's decision.
The trial court filed its judgment entry on April 6, 1999. The court affirmed the magistrate's recommendations as to custody, but reversed the modification of child support finding "no significant change of circumstances" since the filing of the last order. The court then stated that the existing support order of $112.20 per week would remain unchanged.
Appellant filed an appeal from the above order successfully arguing,inter alia, that the trial court erred in finding that there were no changed circumstances which would require a modification of child support. See Ontko v. Ontko (Nov. 12, 1999), Erie App. No. E-99-040, unreported, vacated in part by Ontko v. Ontko (Jan. 6, 2000), Erie App. No. E-99-040, unreported. However, as this court noted in reconsidering our decision, our decision was based upon an erroneous calculation that appellee's income was $12,000 less than at the time of the divorce when, in fact, the correct amount was $1,200. Such amount was not significant enough to modify the support order. However, we found troubling the fact that the magistrate's support calculation, based presumably on amounts similar to those at the time of the divorce, was substantially lower than the order at the time of the divorce. We were unable to review the original child support worksheet because it was not in the record and, therefore, remanded the matter for determination of the correct child support amount.
On remand, the trial court found that the issue of the modification of child support had previously been determined and was, thus, resjudicata. The court noted that the absence of an original child support calculation worksheet was merely a "ministerial defect" and neither the trial court nor this court had jurisdiction to revisit the order.
Appellant filed a notice of appeal of the trial court's decision and, in our June 29, 2000 decision, we dismissed his appeal and advised appellant of the proper remedy. Appellant then filed an action for writ of mandamus. An alternative writ was issued.
On November 7, 2000, we granted appellant's motion for summary judgment and issued the writ of mandamus ordering the trial court:
 "to comply with this court's order by conducting any necessary hearings for the purpose of calculating child support according to the guidelines through the completion of child support worksheets for both parties, offset the lesser amount of child support against the greater amount, and to properly consider the factors in R.C. 3113.215(B)(6)(a) to determine whether any deviations from the resulting amounts are justified." State ex rel. Ontko v. Honorable Donald L. Ramsey (Nov. 7, 2000), Erie App. No. E-00-042, unreported.
The stipulated issue before the trial court, based upon this court's mandamus order, was the calculation of child support from June 17, 1998 through August 24, 2000. The court was also to calculate child support from August 24, 2000 to present based upon appellant receiving sole custody.
In its judgment entry, filed July 3, 2001, the trial court determined that from June 17, 1998 through August 24, 2000, appellant's child support obligation was $502.96 per month. In making its determination, the court specifically found that "the time spent with each parent is equal under the shared parenting plan and the off-set of each parent's obligation against the other reflects adjustment for this."
As to appellee's obligation from August 24, 2000 to present, the court again imputed $49,000 income to appellant finding him voluntarily underemployed. The court also found appellee to be voluntarily underemployed and imputed an income of $23,241 averaging her income over the past three years.
As to tax exemptions, appellant was permitted to claim two children, and appellee one. The court then determined that appellee was to pay appellant a sum of $410.11 per month, plus administrative fees.
Appellant timely filed the instant appeal and raises the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "The Trial Court Abused Its Discretion and Erred as a Matter of Law, When it Did Not Consider the Amount of Time the Children Spent in Each Parents [sic] Home, in the Calculation of the Amount of Child Support for the Time Period of June 17, 1998 to August 24, 2000.
"ASSIGNMENT OF ERROR NO. 2
 "The Trial Court Abused Its Discretion and Erred as a Matter of Law in the Calculation of the Amount of Child Support from the Date of August 24, 2000 to Present When It Did Not Consider the Cost of Health Insurance Paid by Appellant."
In his first assignment of error, appellant argues that the trial court abused its discretion and erred as a matter law when it failed to properly consider the amount of time the children spent at each parent's home in calculating the amount of child support from June 17, 1998 to August 24, 2000. Appellant contends that the trial court erroneously considered the time spent with each parent when offsetting the parties' obligations, not after the parties' obligations were offset.
We first note that absent an abuse of discretion, a child support award will not be disturbed on appeal. Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219.
In our November 7, 2000 decision issuing the writ of mandamus, we citedPauly v. Pauly (1997), 80 Ohio St.3d 386, for the proposition that R.C.3113.215(B)(6)[1] governs the calculation of child support under a shared-parenting plan and that each parent is required to pay child support as calculated in the child support worksheet. While not part of the Pauly court holding, this court concluded "that before a court reaches the issue of whether to deviate from the guidelines by giving a parent credit for time the child resides with that parent it must first offset each parent's child support obligation from the other's." We further explained that "after the support orders are calculated, the trial court must then determine whether to deviate from the worksheet amount."
In the trial court's July 3, 2001 decision, the court offset the parties' child support amounts and arrived at appellant's obligation of $513.02 per month. The court then stated:
 "The Court considers the factors enumerated in ORC 3113.125(B)(6)(a) [sic] and finds that no testimony or evidence has been presented justifying a deviation in said obligation. Specifically, the time spent with each parent is equal under the shared parenting plan and the off-set of each parent's obligation against the other reflects adjustment for this."
Upon review, we find that the trial court failed to properly follow this court's mandate in our November 7, 2000 decision. We specifically stated that the parties' child support calculations were to be offset and only after such offset is the court to consider whether, under R.C.3113.215(B)(6)(a), a deviation from the guidelines is necessary. Accordingly, we find that appellant's first assignment of error is well-taken.
In appellant's second assignment of error, he argues that when calculating the current child support order, the court failed to consider the cost of health insurance provided by appellant for his minor children. In support of his argument, appellant relies on Exhibit I, filed on May 4, 2001, by stipulation of the parties. The exhibit reflects a monthly charge of $186.61 for health insurance benefits.
Upon review of the exhibit, we find that it does not specify who the insured or insureds are. Further, assuming it is a family policy, the amount of the benefits attributable to appellant would need to be offset from his children's. Accordingly, we find that appellant's second assignment of error is not well-taken.
On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Erie County Court of Common pleas is reversed, in part, and affirmed, in part, and remanded for proceedings consistent with this decision. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., JUDGES CONCUR.
[1] S.B. 180, effective March 22, 2001, repealed R.C. 3113.215(B)(6). However, at the time of the relevant decisions and orders herein, including our November 7, 2000 order issuing a writ of mandamus, R.C.3113.215(B)(6) was still in effect and used to calculate the parties' child support obligations. The statue provided, in part:
 "(6)(a) If the court issues a shared parenting order in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents * * *, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, through line 24, shall consider those extraordinary circumstances and other factors or criteria if it deviates from that amount, and shall enter in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet, through line 24, its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.
 "(b) For the purposes of this division, `extraordinary circumstances of the parents' includes, but is not limited to * * *:
 "(i) The amount of time that the children spend with each parent;
"* * *"