OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment issued by the Wood County Court of Common Pleas, Juvenile Division, in a paternity action. Because we conclude that the court acted within its discretion in denying retroactive child support, we affirm.
In 1992, appellant, Erika P., moved from Bowling Green, Ohio, to California to attend school. There she met appellee, Tod W., and began living with him. After approximately two years, appellant became pregnant and Benjamin W. was born on May 15, 1995.
The following month appellant and Benjamin came to Ohio, ostensibly to visit appellant's family. They never returned to California. During the next few years, appellee sought visitation with Benjamin, but was generally rebuffed by appellant. On two occasions, appellee flew to Ohio to see the child, but appellant limited his visitation to no more than an hour and one-half. In 1998, appellee brought a parentage action in Wood County seeking to be legally declared Benjamin's father and accorded visitation privileges. Appellant, in her answer, admitted appellee's paternity. She also filed a counterclaim seeking the establishment of a child support order, an award of back support to Benjamin's birth date, and payment for uncompensated medical costs of Benjamin's birth.
Ultimately, the matter proceeded to trial on the visitation and economic issues. Appellee testified that when appellant took Benjamin to Ohio shortly after his birth, he understood this was to be a temporary family visit. According to appellee, it was his understanding that when appellant returned to California the two would be married. Appellant, however, did not return to California.
Appellee testified that over the next few years appellant repeatedly prevented him from having any access to Benjamin. Specifically, appellant refused to return telephone calls and neglected to provide appellee pictures or information of Benjamin's well-being. On the two occasions that appellee flew to Ohio for visits, appellee reported that appellant severely limited the time and circumstances of his access to the child.
Appellant conceded that she had been uncooperative with appellant with respect to Benjamin. She testified that she did not believe appellee deserved information about or contact with Benjamin. The reason for this, according to appellant, was that appellee had been abusive in their relationship, citing to an incident when appellee kicked her cockatiel. Appellee also noted appellant's long-term and pervasive use of drugs.
Appellee admitted that he had quarreled with appellant over her bird and acknowledged that at one time he had frequently used marijuana. Nevertheless, he claimed to be drug free at the time of the hearing — a claim made less believable when he tested positive for cocaine during a voluntary drug screening administered during the trial.
In the end, the trial court fashioned an order which declared appellee's paternity, set child support, and adopted a visitation schedule initially dependent upon appellee's successful performance at drug screenings. The court also ordered appellee to pay half of the child's birthing expenses, but refused to make appellee's child support obligation retroactive to Benjamin's birth date, "* * * given the unique circumstances of this case * * *." It is this latter portion of the trial court's judgment that appellant now appeals, setting forth the following single assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPROPERLY DENIED APPELLANT'S CLAIM FOR RETROACTIVE CHILD SUPPORT."
Notwithstanding the various allegations that the parties leveled at each other, the only issue on appeal is whether the trial court properly made child support effective on the date of the adjudication, as opposed to Benjamin's birth date.
Appellant, citing Edwards v. Sadusky (1982), 4 Ohio App.3d 297, and cases in which child support was awarded retroactive to the date of birth, insists that the trial court must award retroactive support. Appellee disagrees, arguing that the decision of whether to award retroactive support rests within the sound discretion of the court. Appellee further argues that under the circumstances of this case the trial court was within its discretion in denying such an award.
R.C. 3111.13 governs an award of child support arising from a parentage action. R.C. 3111.13(F)(3) provides that,
 "When a court determines whether to require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child, it shall consider all relevant factors, including, but not limited to, any monetary contribution either parent of the child made to the support of the child prior to the court issuing the order requiring the parent to pay an amount for the current support of the child."
The statute clearly indicates that there is no per se
rule which requires a court to, or forbids a court from, granting retroactive support. Other courts have concluded that this decision, like others relating to the establishment of support awards, rests in the sound discretion of the trial court. Dunbarv. Dunbar (1994), 68 Ohio St.3d 369, 370; Magee v. Robinson (Sept. 16, 1998), Summit App. No. 18896, unreported; Frazier v. Daniels
(1997), 118 Ohio App.3d 425, 428; Seegert v. Zietlow (1994),95 Ohio App.3d 451, 460; Hammon v. Hammon (Apr. 12, 1991), Van Wert App. No. 15-90-14, unreported. Thus, for appellant to prevail, she must demonstrate that the trial court abused its discretion in denying her an award of retroactive child support. An abuse of discretion is more than an error of law or of judgment, the term connotes an attitude by the court that is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The trial court concluded that the "unique circumstances" of this case militated against the award of retroactive child support. The record supports the existence of those circumstances. While it is not clear whether appellant meant to abandon appellee when she left California, it is undisputed that this soon became her intention. Over the next three years, appellant successfully cut off appellee's access to Benjamin, going so far as to even deny him information about the child. Appellant premised this behavior on her belief that appellee had no right to contact his son.
A biological parent may not be unilaterally excluded from the life of his child. In the normal course of events, a natural parent is entitled to the companionship of his child and is entitled, at the least, to information concerning the child's rearing and welfare. This is true irrespective of the marital status of the parents. Stanley v. Illinois (1971), 405 U.S. 645,651; Park v. Ambrose (1993), 85 Ohio App.3d 179, 185.
Here, there is no dispute that appellee is Benjamin's natural father. Yet, because of appellant's removal of Benjamin from California and her subsequent refusal to provide appellee with either access or information about the child, appellee has been denied the opportunity to exercise any of his parental rights. This is a loss for which he may never be fully compensated at law. Id.
The trial court found that given these "unique circumstances" it was equitable not to require appellee to pay retroactive child support. Our view is that this decision was neither arbitrary, unreasonable, nor unconscionable. Consequently, the court acted within its discretion in fashioning its order in this matter. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 James R. Sherck, J. _______________________________ JUDGE Richard W. Knepper, J. _______________________________ JUDGE Mark L. Pietrykowski, J. _______________________________ JUDGE CONCUR.