DECISION AND JUDGMENT ENTRY
This accelerated appeal is from the October 26, 2001 judgment of the Lucas County Court of Common Pleas, which denied the motion of appellant, Dennis Strong, to reduce his spousal support arrearages; granted, in part, the motions to show cause filed by appellee, Diana Strong; and held appellant in contempt unless he paid appellee the sums previously ordered by the court. Upon consideration of the assignments of error, we reverse the decision of the lower court in part and affirm the decision in part. Appellant asserts the following sole assignment of error on appeal:
 "Did the court err in refusing to set off the Defendant's obligation to pay health insurance against the Plaintiff's obligation to pay spousal support?"
Appellee asserts the following cross-assignments of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLEE BY FAILING TO AWARD HER INTEREST ON THE LUMP-SUM JUDGMENTS OF SPOUSAL SUPPORT AND PROPERTY DIVISION.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLEE BY FAILING TO AWARD HER INTEREST ON PAST DUE INSTALMENTS OF SPOUSAL SUPPORT WHICH HAD NOT BEEN REDUCED TO A LUMP-SUM.
 "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLEE BY NOT ADEQUATELY COMPENSATING HER FOR ATTORNEY FEES EXPENDED IN CONNECTION WITH HER MOTIONS TO SHOW CAUSE.
 "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLEE BY FAILING TO UNDERTAKE A REVIEW OF HER REQUEST TO MODIFY CHILD SUPPORT."
The parties were divorced in 1996. By the final judgment of divorce entered on January 11, 1996, appellee was obligated to pay child support, which was to be offset against appellant's $1,300 monthly spousal support obligation, which began on November 1995 and ended October 2000.
A consent judgment entry was entered on February 17, 1998, which settled issues surrounding appellant's $6,200 arrearage for spousal support for the period of November 1995 through September 1997. The court also ordered appellee to pay $83.58 per month per child for child support effective October 1997, which was to be set off against appellant's monthly spousal support obligation. Therefore, appellant was obligated to pay appellee $1,071 each month.
A consent judgment entry was entered on March 9, 1999 which again resolved arrearage issues through October 31, 1998 and recalculated appellee's child support obligation. Appellant was ordered to pay appellee $3,216 within fourteen days of the judgment entry to reimburse appellee for overpayments paid to appellant from certain Key Bank accounts. Appellant was found to have a total spousal support arrearage of $5,200 for the months of July through October 1998, which was to be offset by appellee's child support arrearage of 2,651.40 for that period. Therefore, appellant's arrearage was found to be $2,548.60 for that period, and he was ordered to pay this amount to appellee within fourteen days of the court's order.
Appellee was ordered to provide medical insurance coverage for the children if it was available through her employer at a reasonable cost. Appellee was ordered to pay 32 percent of uncovered medical expenses for the children as well as extraordinary medical expenses. Appellee's child support obligation was then reduced to $471.54 a month, plus a two percent processing fee effective November 1998.
On April 2, 1999, July 16, 1999, September 9, 1999, and April 12, 2000, appellee filed motions to show cause because appellant had failed to pay her the monies ordered in the March 9, 1999 judgment. She also sought to modify her child support obligation. Appellant had never paid appellee the lump sum arrearage of $2,548.60 and the $3,216 reimbursement. Appellee also sought sanctions, attorney fees, and either a bond or bank withholding to secure future spousal support payments.
On April 2, 1999 and May 1, 2001, appellee submitted to the court an itemization of her attorneys fees incurred in connection with her motions to compel appellant to comply with the court's prior orders.
The issues were tried by way of trial depositions that were submitted to the court on May 8, 2001. The following evidence was submitted by the parties. Appellant testified that he had always paid for family medical insurance coverage even though one of his corporate clients offered to include him in its insurance plan. Since he had to pay for a family plan in order to cover the children, he believed that appellee should reimburse him for the full amount of the health insurance premium rather than the difference between a single and family plan. For the period of February 1998 until September 2000, his premiums have totaled almost $18,526.84. He also testified that his out of pocket medical expenses for the children total $2,380.56 which appellee never paid even though he forwarded the bills to her. He gave her a check for $1,800 he received when he refinanced the house. She refused to sign over the check to him so he gave it to her.
Appellant explained that he did not comply with the March 1999 order to pay the lump sum of $2,548.60 because he believes that he has provided appellee with other things equal to that amount. He contends that his payment of medical insurance coverage premiums and medical costs satisfied his obligations to her.
Appellee testified at her deposition that appellant stopped paying spousal support in July 1998. She testified that after her education was finished in May 1998, she began working for Toledo Hospital. She was fired in October 1998 because of her poor rapport with patients and excessive sick days. She then worked for St. Luke's Hospital for approximately one month in November 1998 but was dismissed because of her poor rapport with patients. She believes that her poor work performance was due to depression following the divorce. She then obtained employment at Heartland of Perrysburg. She was fired from that position after nearly two months work for the same reasons. She then obtained employment at Fairview Manor in February 1999 and worked until November 1999. She was eligible for health care coverage at this position but did not enroll her children in the plan. Again, she was fired because of her rapport and excessive sick days. She then obtained employment at St. Vincent Mercy Medical Center in September 2000. She is eligible for health care coverage. She has not enrolled her minor children in the plan because all the doctors would have to be changed to those affiliated with St. Vincent's. She currently is being treated for her depression.
On August 16, 2001, the magistrate issued her decision. The magistrate found that appellant had submitted an itemization, rather than original statements, for $894.84 of extraordinary medical expenses for the children and there was no testimony to support appellant's claim that he submitted these bills to appellee for payment in writing as required by the court's prior order and appellant's knowledge of such a requirement as a domestic relations lawyer. Therefore, the magistrate found that appellee was not responsible for payment of these medical expenses.
The magistrate found that appellant was $19,567.72 in arrears for spousal support through August 2001. She found that appellant had paid appellee $1,845.15 because she refused to endorse a check made payable to her upon the refinancing of appellant's home. The magistrate did not allow an offset for medical insurance coverage paid by appellant because that cost was taken into consideration in calculating the child support obligations of the parties in the March 9, 1999 judgment. Furthermore, she found that appellee had no duty to provide medical insurance coverage for the children until after the March 1999 judgment and that appellee was unable to obtain such coverage until September 2000 due to her employment situation. The magistrate found appellant in contempt of court for failing to obey the court's prior order for failing to pay the spousal support lump sum.
Appellee was found to owe appellant $3,300.78 in child support payments for the prior seven months.
The magistrate found that appellee was entitled to an award of attorney fees regarding her motions to show cause. However, appellee was not entitled to attorney fees for her motions to modify her child support obligation because she did not submit the necessary schedules and documentation even though appellant refused to obey the court's order to provide his tax returns.
Appellee was awarded a lump sum judgment of $14,421.79 for spousal support arrears from November 1, 1998 through October 31, 2000, less the direct payment of $1,845.15 and child support arrears of $3,300.78. Appellee was awarded $2,500 in attorney fees. Appellant was found in contempt of court and sentenced to thirty days subject to the contempt being purged if appellant paid the sums required by the order within fifteen days.
Both parties filed objections to the magistrate's decision. Appellant argued that he had provided health insurance coverage for the children since the divorce and had expended $13,431.36. He also argued that he had paid $2,105.64 in un-reimbursed medical expenses. Appellee objected to the dismissal of her motion for modification of the child support order because she supplied the necessary information to the court through her deposition even if she did not comply with the local rules, the award of only $2,500 in attorney fees when she incurred over $8,000 in fees, and the court's failure to award her interest on the lump sum support arrearages.
The trial court affirmed the magistrate's decision with one modification. The court awarded appellant $287.16 for medical expenses. The court reasoned that although appellant had not submitted the bills for payment in a timely and appropriate manner, appellee was still obligated to pay them. This amount was set off against the $14,421.79 accrued spousal support arrearage. The court did not address the other objections raised by the parties. Both parties then sought an appeal to this court from the trial court's decision.
In his sole assignment of error, appellant argues that the court erred by holding that appellee was not responsible for providing health insurance coverage for the minor children during the time period that she was unemployed. It is not clear whether he challenges the imposition of criminal contempt against him or the court's calculation of the amount of spousal support arrearage he owes.
An appellate court reviews a civil contempt order on an abuse of discretion standard. Jannetti v. Nichol (May 8, 2000), Mahoning App. No. 97-CA-143, 6, citing State ex rel. Ventron v. Birkel (1981),65 Ohio St.2d 10, 11. An abuse of discretion is shown where the court's order reflects an "unreasonable, arbitrary, or unconscionable" attitude.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
First, appellant contends that appellee was voluntarily unemployed. We find that the trial court's finding that appellee was not voluntarily unemployed was based upon the evidence. Second, appellant contends that the trial court erred when it found that he had already been given credit for health insurance premiums he paid when the child support obligation was originally calculated. He argues that in the March 9, 1999 judgment the court only gave him credit for the premiums paid for July through October 1998.
When the court calculated the child support obligations for July through October 1998, it reduced appellant's obligation by $5,500 for insurance premiums he paid. When the court calculated the child support obligations effective November 1998, it gave appellee a $600 credit for insurance premiums. It was not until the March 9, 1999 judgment that appellee was required to provide health insurance coverage for the children if it was available at a reasonable cost. However, the court also found that appellee was unable to secure such coverage until September 2000. Appellant has failed to demonstrate the trial court abused its discretion when it refused to reduce appellant's spousal support obligation by the amount of health insurance premiums he alleged to have paid to insure the children. Appellant's sole assignment of error is found not well-taken.
Appellee argues in her first cross-assignments of error that the trial court erred by failing to award her interest on the lump sum judgments of spousal support and property division pursuant to R.C. 1343.03(A).
R.C. 1343.03(A) provides that:
 "In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of eight per cent per annum, and no more."
Once support obligations are reduced to a lump sum (and become a definite money judgment), a party is entitled to interest under this statute as a matter of law. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369,370. Therefore, we find appellee/cross-appellant's first cross-assignment of error well taken.
Appellee argues in her second cross-assignment of error that the trial court erred by not awarding her interest on the unpaid installments of spousal support that had not been reduced to a lump sum pursuant to R.C.3113.219.
R.C. 3113.219(A), now numbered R.C. 3123.17, requires the court to assess interest on any delinquent support payments issued or modified on or after 1992. The statute provides as follows:
 "If the court determines the obligor is in default under a support order, the court shall issue a new order requiring the obligor to pay support. If the court determines the default was willful, the court shall assess interest on the arrearage amount from the date the court specifies as the date of default to the date the court issues the new order requiring the payment of support and shall compute the interest at the rate specified in section 1343.03 of the Revised Code. The court shall specify in the support order the amount of interest the court assessed against the obligor and incorporate the amount of interest into the new monthly payment plan."
Since the spousal support order in this case was issued after 1992, appellee was entitled to statutory interest under R.C. 3123.17 if the court determines that the failure to pay the support was willful. Dunbarv. Dunbar, supra. Therefore, we find appellant's second assignment of error well-taken.
In her third cross-assignment of error, appellant contends that the trial court erred by failing to award her the full amount of attorney fees expended in connection with her motions to show cause. The court awarded appellee $2,500 in attorney fees, which she contends was grossly disproportionate to the approximately $8,000 in fees she presented as evidence regarding attorney fees expended to compel appellant to comply with the court's prior orders.
R.C. 3105.18(H) provides that the court may award reasonable attorney's fees "* * * if it determines that the other party has the ability to pay the attorney's fees * * *" and the court determines that "* * * either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." The court's determination of whether to award attorney's fees and the amount are left to the court's discretion, which will not be reversed on appeal unless a party shows that the court clearly abused of discretion. Layne v. Layne (1992), 83 Ohio App.3d 559,568, citing Birath v. Birath (1988), 53 Ohio App.3d 31. As previously stated, an abuse of discretion is "more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore, supra.
The trial court may use its own knowledge in some cases in reviewing a record to determine the necessity for and reasonableness of attorney's fees. Bauer v. Bauer (Aug. 3, 2001), Wood. App. No. WD-00-071, 12. However, the party requesting attorney's fees should also introduce evidence concerning the nature of the services provided, the time spent by counsel, and the rate charged. Knowles v. Knowles (Dec. 18, 1992), Lucas App. No. L-92-033, 12.
In this case, appellant has refused to comply with the court's orders to pay support for several years even though the court had considered appellant's arguments to offset his obligation with the health insurance premiums he paid. Appellee's attorney's fees related to the repeated filings of motions for contempt and her motions to modify child support. The trial court indicated that appellee was entitled to an award of attorney's fees only with respect to services related to the filing of the motions for contempt.
The court awarded appellee only a small portion of fees she established at the hearing without indicating how it determined the $2,500 award. Because we cannot understand from the trial court's entry the rational used to award the fees it did, we find appellee's third assignment of error well-taken only insofar as the court has failed to sufficiently explain its judgment so that the appellate court can review it for an abuse of discretion.
In her fourth and final cross-assignment of error, appellee contends that the trial court erred by failing to review her request to modify her child support obligation because she failed to supply the court with copies of her tax returns, W-2 form, and prior six-month wage statement. She contends that all of the pertinent information the court needed to recalculate her child support obligation was presented in her deposition testimony.
Appellee failed to comply with the local rules and supply the required forms for the court to determine whether her child support obligation should be modified. Therefore, we cannot find that the trial court abused its discretion by dismissing the issue. Appellee's fourth cross-assignment of error is not well-taken.
Having found that the trial court committed error prejudicial to appellee, the judgment of the Lucas Court of Common Pleas is affirmed in part and reversed in part. The judgment is reversed only with respect to the failure of the court to award appellee interest on the unpaid spousal support and the court's award of only a portion of appellee's attorney fees without explanation of how it calculated the fees. In all other respects, the judgment is affirmed. This case is remanded to the trial court for further proceedings consistent with this decision. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
Peter M. Handwork, J., Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.