DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court following the April 11, 2002 judgment entry of the Huron County Court of Common Pleas, Domestic Relations Division, upholding the March 6, 2002 magistrate's decision which refused to impute income to appellee from an annuity that had been dissipated in 1996. From that judgment appellant, Clarinda A. Young, raises the following assignments of error:
 {¶ 2} "I. The trial court erred in not finding that an annuity voluntarily dissipated by the plaintiff-appellee was not potential cash flow from any source and therefore includable as income for the purpose of calculating plaintiff-appellee's child support obligation.
 {¶ 3} "II. The trial court erred in failing to impute income to the plaintiff-appellee."
 {¶ 4} The following facts are relevant to this case. On June 29, 1995, appellee, Robert C. Young, filed a complaint for divorce. In the February 22, 1996 divorce decree appellee was ordered to pay appellant either a lump sum of $25,000 or $282 per month for a total of 120 months. This sum represented appellant's loss of consortium award stemming from appellee's industrial accident. Appellee was also ordered to pay child support for his two minor children in the amount of $226.44 per week. This amount was calculated using appellee's $33,348 annual workers' compensation income and $30,000 from a 30-year term settlement annuity.
 {¶ 5} Appellee requested an administrative review of his child support obligation, pursuant to R.C. 3119.60 et seq., through the Huron County Child Support Enforcement Agency ("Huron County CSEA".) On September 17, 2001, appellant requested a hearing before the trial court on the recalculated amount; the hearing was held on February 6, 2002.
 {¶ 6} The magistrate's March 6, 2002 decision found that appellant failed to present sufficient evidence to the court to set aside the recommendation of the Huron County CSEA; that appellee's annuity had been dissipated to pay appellant's property settlement and fund a sole-proprietorship which had not been operational since 1996; and that the provisions of R.C. 3119.01 did not make it appropriate to impute income. On April 11, 2002, the trial court adopted the magistrate's decision over appellant's written objections. Appellant then filed the instant appeal.
 {¶ 7} In her first assignment of error, appellant argues that the trial court erred in not finding that appellee's annuity which was voluntarily dissipated was not potential cash flow from any source and, thus, includable as income in calculating child support.
 {¶ 8} We first note that absent an abuse of discretion, a child support award will not be disturbed on appeal. Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219.
 {¶ 9} At the February 6, 2002 hearing, appellee testified that he sold the annuity in order to pay the property settlement at the time he and appellant divorced. Appellee also testified that the business he started in 1996 with the remainder of the money was never profitable and failed in the same year. Appellant presented no other witnesses.
 {¶ 10} Upon review of the hearing testimony and the trial court and administrative records, and mindful of the fact that the trial court is in the best position to judge the credibility of witnesses, we cannot say that the trial court abused its discretion when it found that appellant presented insufficient evidence to set aside the recommendation of the Huron County CSEA. Appellant's first assignment of error is not well-taken.
 {¶ 11} In her second assignment of error, appellant contends that the trial court erred in failing to impute income to appellee despite his disability.
 {¶ 12} Under R.C. 3119.01(C)(11), "potential income" includes imputed income of a parent whom the court determines to be voluntarily unemployed or underemployed.[1] The issue of whether a parent is voluntarily unemployed and the potential income to be imputed to the parent are discretionary decisions to be made by the trial court based on the facts of the case. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. Thus, the trial court's findings will not be disturbed absent an abuse of discretion. Id.
 {¶ 13} The trial court, without explanation, found that it was not appropriate to impute income to appellee. At the hearing on the matter, appellee testified that he was not employed and was receiving disability benefits. Appellee indicated that he had been employed as a truck driver, but as a result of an industrial accident his hand was crushed, leg broken, and three vertebrae in his back were crushed. Appellee stated that he briefly worked part-time as a dishwasher, but was unable to continue. He stated that he had been dealing with the Bureau of Vocational Rehabilitation but had yet to receive training in a new career. Appellant presented no contradictory evidence.
 {¶ 14} Based on the facts presented at the hearing, we cannot say that the trial court abused its discretion when it failed to impute income to appellee. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 15} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED. Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] R.C. 3119.01(C)(11) provides:
 "`Potential income' means both of the following for a parent who the court pursuant to a court support order, or a child support enforcement agency pursuant to an administrative child support order, determines is voluntarily unemployed or voluntarily underemployed:
 "(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:
"(i) The parent's prior employment experience;
"(ii) The parent's education;
 "(iii) The parent's physical and mental disabilities, if any;
 "(iv) The availability of employment in the geographic area in which the parent resides;
 "(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
"(vi) The parent's special skills and training;
 "(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
 "(viii) The age and special needs of the child for whom child support is being calculated under this section;
 "(ix) The parent's increased earning capacity because of experience;
"(x) Any other relevant factor.
 "(b) Imputed income from any nonincome-producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate as determined by the court or agency, not to exceed the rate of interest specified in division (A) of section 1343.03 of the Revised Code, if the income is significant."