DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Fulton County Court of Common Pleas, Domestic Relations Division, which ordered appellant/cross-appellee, Denver Short, to pay $3,696.15 of charges relating to the hospitalization and psychological treatment of his minor daughter. Appellee/cross-appellant, Rhonda Short (Onweller), has filed a cross-appeal for child support.
 {¶ 2} A summary of the relevant facts is as follows. The parties were married in 1980, and two children were born issue of the marriage: Daniel Thomas Short, born March 9, 1982, and Crystal Lynn Short, born October 26, 1983. Richard Wayne Short, born December 8, 1978, is the natural son of appellee and was adopted by appellant. The marriage was dissolved in 1987 and appellant was awarded custody of the three children.
 {¶ 3} On February 24, 1989, following motions by appellant and appellee, the trial court ordered appellee to contribute one-half of the children's "non-covered reasonable medical, dental, optical, orthodontic, and psychological expenses over $50.00 per child per year."
 {¶ 4} On August 15, 1997, a consent judgment entry, signed by the parties and drafted by appellee's attorney, was entered into which designated appellee as the residential parent of Crystal and appellant as the residential parent of Daniel (Richard was then emancipated.) The parties were to each be responsible for all support and medical expenses related to the child in their care.
 {¶ 5} Appellant requested an emergency temporary transfer of custody of Crystal on May 3, 2000. Custody was awarded on June 2, 2000, the matter was referred to the Fulton County Child Support Enforcement Agency ("CSEA") for a child support determination. On August 22, 2000, following a hearing, the CSEA hearing officer determined that appellee had a monthly child support obligation of $243.47. CSEA further ordered that Crystal's health care needs not covered by insurance were to be apportioned between the parties based on a percentage of their respective incomes. Appellant filed an objection to the hearing officer's decision and requested judicial review, in the form of a hearing.
 {¶ 6} Thereafter, on November 7, 2000, appellee filed a motion for an emergency modification of custody of Crystal. The motion requested that custody be transferred from appellant to appellee, that appellant contribute to the psychological expenses of Crystal, and that appellant be ordered to pay a portion of appellee's attorney fees incurred in prosecuting the motion. Appellant's motion in opposition contended that pursuant to the August 15, 1997 consent judgment entry, appellant was required to provide for all the expenses of Daniel and appellee was to provide for all the expenses of Crystal without the exchange of funds. As to the issue of attorney fees, appellant argued that the affidavit in support of such claim contained perjury and hearsay and that appellee's attorney should not be rewarded for the filing of a motion necessitated by "the advice he gave his client."
 {¶ 7} A hearing was held on the motion on January 11, 2002. Appellee testified that she received a bill for $3,995.79 (for services dating from December 5 to December 17, 1997), from Toledo Hospital, for the psychiatric care of Crystal. Appellee testified that she paid the bill and received no contribution from appellant. Appellee further stated that she received no child support from appellant from December 2000, until October 26, 2001, the date of Crystal's emancipation.
 {¶ 8} Appellant's current wife, Katherine Short, testified as to the circumstances regarding the initial change in custody from appellee to appellant. Katherine further testified that appellee and her husband were not cooperative in their plans for Crystal's care.
 {¶ 9} On January 14, 2002, the trial court filed its judgment entry. The court noted that the case had undergone a long history which included the involvement of school and law enforcement authorities. The court concluded that considering the facts and circumstances, no one party was to blame and that each should be responsible for Crystal's mental health care costs. Thus, based on the parties' incomes, appellant was ordered to pay 72.6 percent of appellee's legal bill, the costs incurred in the proceeding, and Crystal's hospital and psychologist bill. The sum owed of $3,696.15 was set forth in the court's May 28, 2002 judgment entry and no child support was awarded to appellee. It is from this judgment that the parties appeal.
 {¶ 10} Appellant now raises the following four assignments of error:
 {¶ 11} "I. The lower court violated the doctrine of equitable estoppel when it ordered the plaintiff to pay a portion of medical expenses.
 {¶ 12} "II. The lower court committed error when it modified a consent decree entered into between the parties.
 {¶ 13} "III. The defendant was judicially estopped from changing a consent decree, which was voluntarily entered into with the plaintiff.
 {¶ 14} "IV. The defendant through her attorney perpetrated a fraud on the court and thereby vitiated the judgment."
 {¶ 15} Appellee raises the following assignment of error:
 {¶ 16} "The trial court should have established reasonable child support for the minor child until her majority."
 {¶ 17} Appellant's first, second and third assignments of error are closely aligned and will be discussed together. In each assigned error, appellant argues that the court was estopped from altering the August 15, 1997 consent decree which required that appellee pay all of Crystal's medical expenses. Appellee, in opposition, relies generally on the continuing jurisdiction of the court to modify child support orders.
 {¶ 18} We first note that "[a] trial court has considerable discretion in calculating the amount of reimbursement for medical expenses in a child support award." Frahlich v. Frahlich-Lerch (August. 23, 2000), 9th Dist. No. C.A. 19807, citing Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371. Thus, this court will not reverse such a determination absent a finding that the trial court abused its discretion. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} In awarding appellee, inter alia, a percentage of Crystal's non-covered hospitalization and psychological costs, the trial court concluded: "There is plenty of blame to go around in this case. In considering the facts and circumstances here, it is clear that each of the parties is a parent, and that each is responsible for costs that have been associated with this process." Upon review of the memoranda of the parties, the January 11, 2002 hearing transcript, and other relevant portions of the record, we cannot say that the trial court abused its discretion in granting appellee's motion and apportioning the extraordinary costs relating to Crystal's mental health care. Accordingly, we find appellant's first, second, and third assignments of error not well-taken.
 {¶ 20} Appellant's fourth assignment of error contends that appellee perpetrated a fraud upon the court by filing a false affidavit and by stating that the 1989 consent decree was in effect on the date of the January 11, 2000 hearing. Such allegations are typically raised in a Civ.R. 60(B) motion for relief from judgment. See, generally, Coulson v.Coulson (1983), 5 Ohio St.3d 12; Warner v. Hastings (November. 6, 1998), 6th Dist. No. L-98-1080. In the context of a motion for relief from judgment, "fraud upon the court" has been defined as "`that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" Coulson at 15, quoting 7 Moore's Federal Practice (2 Ed. 1971), 515, Paragraph 60.33.
 {¶ 21} Upon review of the alleged fraudulent acts perpetrated by appellee's counsel, we find that they do not rise to the level of a "fraud upon the court." Appellant has not shown that the apparent misstatement in appellee's affidavit or the inaccuracy in appellee's counsel's statement were in any way an attempt to "defile the court" or impede the operation of justice. Thus, appellant's fourth assignment of error is not well-taken.
 {¶ 22} Appellee, in her cross-appeal and sole assignment of error, contends that the trial court erred when it failed to order appellant to pay child support for the 49 weeks preceding Crystal's emancipation on October 26, 2001. This matter was addressed by the parties at the January 11, 2002 hearing. At a hearing held on December 5, 2000, which led to the change in Crystal's custody from appellant to appellee, appellant testified that he received no child support from appellee from April through the date of the December hearing. Based on these facts, and mindful of the court's discretion, we cannot say that the trial court erred in not awarding appellee child support. Appellee's assignment of error is not well-taken.
 {¶ 23} On consideration whereof, we find that substantial justice has been done the parties complaining, and the judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are equally assessed to the parties.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Knepper, J., concur.