OPINION
{¶ 1} Defendant Dwight K. Butler appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which modified his child support obligation. Plaintiff-appellee is Rebecca Gardner Butler Bray. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO RELY ON PROPER INCOME INFORMATION WHEN ALLOCATING BOTH PARENTS' INCOME AMOUNT FOR CHILD SUPPORT CALCULATIONS.
 {¶ 3} "II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO APPLY A PROPER OFFSET TO BASELINE CHILD SUPPORT TO REFLECT SIGNIFICANT PERIODS OF PARENTING TIME BETWEEN APPELLEE AND ONE OF HIS TWO CHILDREN SINCE THE INSTITUTION OF A 50/50 CUSTODY ARRANGEMENT.
 {¶ 4} "III. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO USE PROPER METHODS TO ASSIGN TAX DEDUCTIONS.
 {¶ 5} "IV. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO RULE ON KEY ISSUES SUCH AS MEDICAL BILLS OWED TO APPELLEE."
 {¶ 6} The magistrate to whom the matter was referred made various findings. The parties herein were divorced on November 12, 1999, and had entered into a shared parenting plan for their two children. Appellant was ordered to pay child support of $900 *Page 3 
per month, and to have companionship with the children at least as provided by local rule.
 {¶ 7} On September 2, 2004, appellee filed a motion to change the designation of the residential parent for school placement purposes and to modify child support. On April 8, 2005, appellant filed a motion to change custody to a week-to-week arrangement. On September 27, 2004, the court entered an ex parte order naming appellant as the residential parent and legal custodian for school placement purposes because appellee had moved out of the district in which the children attended school.
 {¶ 8} As of the hearing on March 21, 2006, the parties' daughter Regan was eighteen years old and their son Bowen was sixteen years old.
 {¶ 9} The magistrate conducted an interview with the children and determined it was in the best interest of Regan to change to a week-to-week arrangement, but did not make any changes with regard to Bowen. The magistrate noted Regan was eighteen years old and able to make choices on her own.
 {¶ 10} The court found appellee's income to be $35,000 per year, while appellant is paid $65,000 base, plus bonuses. The magistrate found appellant's bonus for 2005 was $52,979.48. In 2004, appellant's bonus was $48,884; and for 2003, $28,158. In 2002 appellant did not receive any bonus. Because of the length of time the matter had been pending, the magistrate computed child support for the years 2004 and 2005 separately.
 {¶ 11} The magistrate found the average from the last three years was $43,340, and the average for the prior three years was $25,680.67. The magistrate added the average bonus amounts to appellant's base pay and found for purposes of child support *Page 4 
for 2005, appellant's income was $108,340, and for 2004, $90,680.67. The magistrate noted appellant represented he would not be receiving any bonuses for the year 2006.
 {¶ 12} The magistrate computed child support for the year 2004 based on both children residing with appellee. Appellant's obligation was $1145.77. The year 2005 was more complicated. The magistrate computed each parties' child support obligation as though the children resided with the other parent, and found appellant's child support obligation would be $659.59 per month per child, and appellee's child support obligation would be $213.08 per month per child. The magistrate found Bowen would be with appellee and Regan would spend her time half with appellee and half with appellant. The magistrate found the net child support for Regan should be appellant's obligation minus appellee's, which the magistrate computed to be $446.50 per month. After June 1, 2006 Regan would be emancipated, and the magistrate computed appellant's support for 1996 for Bowen alone to be $913.83
 {¶ 13} The magistrate concluded appellant should pay child support of $1145.77 per month from September 1, 2004 through December 31, 2004. From January 1, 2005 through October 31, 2005 appellant's child support obligation should be $659.59 for each child, which is $1319.17 per month. Effective November 1, 2005 through May of 2006, the magistrate determined appellant's child support obligation would be $1,106.09, that is, $659.59 for Bowen and $446.50 for Regan. Thereafter appellant would pay $913.83 for Bowen alone.
 {¶ 14} The magistrate did three separate calculations to determine which party should receive the tax dependency exemption for Bowen. The magistrate ordered appellee may claim the tax exemption for 2005 and 2006 provided her income, filed *Page 5 
jointly, permits her to use the entire under age seventeen credit. The magistrate ordered appellant may claim Bowen for 2007.
 {¶ 15} Both parties presented unpaid medical bills, which the court declined to address.
 I. {¶ 16} In his first assignment of error, appellant argues the court erred in computing both parties' income. Appellant argues appellee works for her new husband, who has complete discretion in determining how much to compensate her. For this reason, appellant argues it was abuse of discretion before the court to find appellee is a salaried employee earning $35,000 per year.
 {¶ 17} Appellant also argues because his bonus structure has changed and he will no longer receive bonus payments, the court should not have considered the bonuses as income for child support calculations. Appellant argues in essence the court used the lowest possible number in determining appellee's income and the highest possible number in determining his income.
 {¶ 18} A domestic relations court has considerable discretion in formulating a support award and the court's discretion may not be disturbed absent an abuse of discretion, Dunbar v. Dunbar,68 Ohio St. 3d 369, 1994-Ohio-509, 627 N.E. 2d 532, citing Booth v. Booth (1989),44 Ohio St. 3d 142, 541 N.E. 2d 1028. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable, Blakemore v. Blakemore
(1983), 5 Ohio St. 3d 217. *Page 6 
 {¶ 19} R.C. 3119.05 permits a court to average a party's income over a reasonable period of years when appropriate. The decision to average a parent's income is within the sound discretion of the trial court,Ferrero v. Ferrero (June 8, 1999), Stark App. No. 98-CA-00095.
 {¶ 20} The record contains evidence supporting the trial court's calculation of the parties' incomes, and thus, it was not an abuse of discretion to use those numbers. The first assignment of error is overruled.
 II. {¶ 21} In his second assignment of error, appellant argues the court did not use a proper baseline for child support, see I supra, and failed to factor in the amount of time Regan spent with each parent. Appellant cites us to R.C. 3119.07 as authority for the proposition it is mandatory for the court to offset child support under a fifty/fifty living arrangement.
 {¶ 22} R.C.3119.07 (B) to which appellant refers applies to split parent rights and responsibilities, which the Code defines as "* * * a situation in which there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is a residential parent and legal custodian of at least one of those children." RC.3119.01(C)(14). R.C. 3119.023 provides a specific child support computation worksheet for split parental rights and responsibilities situations. We find R.C. 3119.07 does not apply to this case.
 {¶ 23} The trial court found the parties had a shared parenting arrangement and utilized the shared parenting child support computation worksheet set out in R.C.3119.022. *Page 7 
 {¶ 24} R.C.3119.23 lists sixteen factors a trial court may consider in deviating from the amount of child support which otherwise results from the use of the basic child support schedule and worksheet. Extended parenting time is one of the factors, see R.C. 3119.23 (D). The magistrate found it was in the best interest of Regan to set up a week-to-week arrangement, and computed a support amount which took the new arrangement into account.
 {¶ 25} We find the trial court did not abuse its discretion in computing appellant's child support obligation. The second assignment of error is overruled.
 III. {¶ 26} In his third assignment of error, appellant argues the court erred in awarding appellee the dependency tax exemption for Bowen for 2004 and 2005.
 {¶ 27} In Singer v. Dickinson (1992), 63 Ohio St. 3d 408,588 N.E. 2d 806, the Ohio Supreme Court found a trial court may award the dependency tax exemption to a non-custodial parent if the allocation would produce net tax savings for parents, which furthers the best interest of the child. Here, the magistrate found appellee may claim Bowen as a dependant for 2005 and 2006 if her income filed jointly with her new husband allows her to use the full underage seventeen credit, which was not available to appellant. The magistrate reached this result only after calculating the effect on both parties' tax obligations. We find the court did not abuse its discretion.
 {¶ 28} The third assignment of error is overruled.
 IV {¶ 29} In his fourth assignment of error, appellant argues he presented evidence appellee had failed to comply with the previous court order regarding reimbursement for *Page 8 
medical bills, and the court's refusal to address the expenses was an abuse of discretion.
 {¶ 30} In ruling on appellant's objections to the report of the magistrate, the trial court noted both parties presented medical bills. The court found appellant had not made any payments on the bill he presented, while appellee did not offer her bills as part of a motion for reimbursement. The court concluded the magistrate did not err in refusing to address the matter. We agree.
 {¶ 31} The fourth assignment of error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant. *Page 1